TERAMAR CORPORATION; STAKICH, APPELLANT, *v.*
RODIER CORPORATION, APPELLEE.

(No. 51934—Decided April 20, 1987.)

*Marshman, Snyder & Corrigan* and *William F. Snyder,* for appellant.

*Mazanec, Raskin & Ryder Co., L.P.A.,* and *Todd M. Raskin,* for appellee.

CORRIGAN, J. This appeal is taken from an order of the trial court confirming an arbitration award.

This action was filed on February 12, 1985, by Teramar Corporation to enjoin a scheduled arbitration hearing on a claim by Rodier Corporation and the President of Teramar Corporation, Theresa Stakich. The trial court denied injunction relief and the matter went to arbitration.

Stakich appeared at the arbitration hearing. She challenged the panel's jurisdiction as to her. On August 5, 1985, the panel overruled the jurisdictional challenge and entered an award in favor of Rodier Corporation ("Rodier") against Teramar Corporation ("Teramar") and Stakich. Rodier then applied to the trial court for confirmation of the award on November 20, 1985. Stakich filed an objection to the application contending that the trial court did not have jurisdiction to confirm an award against her. On March 26, 1986, the trial court confirmed the arbitration award against both Teramar and Stakich. Stakich appeals assigning the following error for our review:

"The lower court erred in purporting to confirm an arbitration award that was entered against Theresa Stakich without jurisdiction."

The dispute herein arose out of a franchise agreement entered into by Teramar. The agreement was entered into between Teramar and Promafil Corporation ("Promafil"). The agreement authorized Teramar to sell Rodier merchandise which Promafil was licensed to distribute. The agreement was signed on August 24, 1978, by Theresa Stakich, President of Teramar. The agreement included a provision for arbitration of "any controversy or claim arising out of or relating to this agreement or the breach thereof."

The same date Theresa Stakich signed another document entitled "Guaranty" wherein she agreed to the following pertinent provisions:

"I hereby unconditionally guarantee to you the prompt payment of all monies due and to become due to you by the Franchisee pursuant to the

Franchise Agreement, and the prompt performance of all obligations of the Franchisee to you pursuant to the Franchise Agreement.

"Demand of payment, demand of performance, and notice of non-payment and non-performance, are hereby waived. The time of payment or performance, or any of the terms thereof, may be modified[,] any guarantor collateral or security thereto may be released or the terms thereof modified, any composition or settlement relative thereto may be made or accepted, and you may deal in all other respects with the Franchisee as if there were no guarantee, all without notice to or further assent from me, and I shall remain bound notwithstanding. Notice of the acceptance of this guarantee is waived.

"My liability hereunder shall be primary, direct and immediate, and not conditional or contingent upon your pursuit of whatever remedies you may have against the Franchisee or other guarantor collateral or security."

In October 1981, Promafil assigned its interests in the franchise agreement to Rodier Corporation. Teramar fell into default of the payments it was required to make under the franchise agreement. Rodier terminated the franchise and filed a demand for arbitration.

Teramar filed a suit to enjoin the arbitration primarily on the basis that Rodier was not a party to the original agreement containing the arbitration provision. The trial court denied injunctive relief and referred the matter to arbitration. Both documents were placed before the arbitration panel. Stakich objected, contending that she had never agreed to the arbitration provision. The panel held that it had jurisdiction over both Teramar and Stakich and entered an award against both jointly and severally. Stakich appeals.

The appellant's single assignment asserts that the trial court did not have jurisdiction to confirm the arbitration award absent a contract clause between the parties providing for arbitration. Only that portion of the award applicable to Stakich is challenged here. She argues that her personal guaranty contained no provision authorizing arbitration, thus the trial court erred in confirming the award as to her. Her assignment has merit; therefore, we reverse the trial court's decision as to her.

R.C. 2711.01 provides that a provision in a written contract to settle, by arbitration, a controversy arising out of the contract shall be valid, irrevocable and enforceable. The necessity of a written arbitration clause has been deemed by this court as jurisdictional. See *Davis* v. *Cleveland Bd. of Edn.* (Dec. 20, 1984), Cuyahoga App. No. 48373, unreported. It is the policy of the law to favor and encourage arbitration. *Brennan* v. *Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E. 2d 89, paragraph one of the syllabus; *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 329, 55 O.O. 195, 198, 123 N.E. 2d 401, 405. Nonetheless, arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit. *Amalgamated Clothing Workers of America* v. *Ironall Factories Co.* (C.A. 6, 1967), 386 F. 2d 586, 590; *Retail Clerks Internatl. Assn.* v. *Lion Dry Goods, Inc.* (C.A. 6, 1965), 341 F. 2d 715, 720; *Local Union No. 998* v. *B. & T. Metals Co.* (C.A. 6, 1963), 315 F. 2d 432, 436.

In the instant case, the franchise agreement, signed by the appellant on behalf of Teramar, contained an arbitration clause. The guaranty agreement, signed the same day by the appellant on her own behalf, did not. The personal guaranty agreement, al-

though labeled a "guaranty," was more in the nature of a surety agreement, appellant's liability being direct, immediate and unconditioned on pursuit of remedies against Teramar.[1]

This particular issue was addressed in a recent federal case applying Ohio law, *WindowMaster Corp.* v. *B. G. Danis Co.* (S.D. Ohio 1981), 511 F. Supp. 157. Therein the court held that a surety is not bound by the provisions of a contract it has not signed; thus, an arbitration clause in a construction contract did not bind the surety of one of the parties.

We find this reasoning sound. While Stakich was certainly aware of the provisions of the contract that she signed on behalf of Teramar, that does not mean that she understood that the arbitration clause of that contract applied with equal force to the separate guaranty agreement. Under the circumstances, we hold that Stakich is not bound personally by the arbitration clause contained in the franchise agreement.

The appellee argues that Stakich's objection on the ground of lack of subject matter jurisdiction is waived for failure to comply with R.C. 2711.13. That statute provides that notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest.

Ordinarily, the failure to notice within three months would waive any objections. However, in the instant case, the appellant contends that the arbitration board lacked subject matter jurisdiction. Lack of subject matter jurisdiction may be raised at any stage in the proceedings, although not previously asserted in the action, including raising it for the first time on appeal. See *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236, 238, 2 O.O. 3d 408, 409, 358 N.E. 2d 536, 537; *State, ex rel. Lawrence Development Co.,* v. *Weir* (1983), 11 Ohio App. 3d 96, 11 OBR 148, 463 N.E. 2d 398, paragraph two of the syllabus. Thus, an allegation

---

[1] Black's Law Dictionary, under the definition of "surety," outlines the distinction as follows:

"*Guarantor and surety compared.* A surety and guarantor have this in common, that they are both bound for another person; yet there are points of difference between them. A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to every known default of his principal. On the other hand, the contract of guarantor is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal, and is often founded on a separate consideration from that supporting the contract of the principal. The original contract of the principal is not the guarantor's contract, and the guarantor is not bound to take notice of its nonperformance. The surety joins in the same promise as his principal and is primarily liable; the guarantor makes a separate and individual promise and is only secondarily liable. His liability is contingent on the default of his principal, and he only becomes absolutely liable when such default takes place and he is notified thereof. 'Surety' and 'guarantor' are both answerable for debt, default, or miscarriage of another, but liability of guarantor is, strictly speaking, secondary and collateral, while that of surety is original, primary, and direct. In case of suretyship there is but one contract, and surety is bound by the same agreement which binds his principal, while in case of guaranty there are two contracts, and guarantor is bound by independent undertaking. Howell v. Commissioner of Internal Revenue, C.C.A. 8, 69 F. 2d 447, 450. A surety is an insurer of the debt or obligation; a guarantor is an insurer of the solvency of the principal debtor or of his ability to pay. Under U.C.C., term 'surety' includes a guarantor. § 1—201(40). See also Guarantor." Black's Law Dictionary (5 Ed. 1979) 1293.

42

that the arbitration panel lacked jurisdiction, based upon the absence of an arbitration clause requisite for the exercise of the panel's jurisdiction, is not waived by the failure to assert it within three months of the delivery of the award. The judgment of the trial court confirming the arbitration award as to Stakich is reversed.

*Judgment reversed.*

NAHRA, P.J., and PRYATEL, J., concur.