ST. VINCENT CHARITY HOSPITAL et al., Appellees,

v.

URS CONSULTANTS, INC. et al., Appellants.

[Cite as *St. Vincent Charity Hosp. v. URS Consultants, Inc.* (1996), 111 Ohio App.3d 791.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69504.

Decided June 20, 1996.

*Baker & Hostetler, Diane P. Chapman* and *Mark R. Koberna*, for appellees.

*Thompson, Hine & Flory, Jeffrey R. Appelbaum, Virginia S. Brown* and *Andrew J. Natale*, for appellants.

---

*Per Curiam.*

This case is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25.

Defendants-appellants, URS Consultants ("URS"), and Zannoni Heckman and Payto Partnership, Inc. ("ZHP"), argue that the trial court erred by denying their joint motion to stay the proceedings pending arbitration. Plaintiff, St. Vincent Charity Hospital, Inc., responds that the trial court was correct because URS, not being a signatory to the contract, cannot enforce an arbitration clause in the contract. We affirm the judgment of the court below. The relevant facts follow.

St. Vincent contracted with ZHP for ZHP to provide design and construction management services in connection with the construction of the Rockside Ambulatory Surgery Suite project. ZHP is a design firm of architects. After work had commenced, URS, a design firm of architects and engineers, began to work on this project for St. Vincent. Regarding the relationship between the parties at this point, the parties agree that (1) certain principals and employees left ZHP and joined URS, (2) URS began providing services to St. Vincent for this project, (3) employees of ZHP continued to work on the project, and (4) St. Vincent made certain payments directly to URS.

The contract between St. Vincent and ZHP contained the following arbitration clause:

"7.1 Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise."

On February 15, 1995, St. Vincent filed a complaint against ZHP and URS regarding the construction of the surgery center. The complaint alleged (1) breach of contract, (2) negligent performance under the contract, and (3) breach of express and implied warranties. On June 16, 1995, defendants filed a joint motion to stay the proceedings because the controversy was within the scope of

the arbitration clause of the contract. The trial court denied this motion. Defendants timely appealed, raising two assignments of error [1]:

"1. Whether the trial court improperly ruled that the claims raised in the complaint of plaintiffs-appellees are not arbitrable.

"2. Whether the trial court erred when it denied defendants-appellants' joint motion to stay proceeding pending arbitration, which was filed pursuant to Section 2711.02 of the Ohio Revised Code."

Generally, Ohio law favors arbitration as an efficient and economical alternative dispute resolution mechanism. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711–712, 590 N.E.2d 1242, 1245; *Bd. of Park Commrs. v. E.B. Katz Co.* (Mar. 2, 1995), Cuyahoga App. No. 66982, unreported, 1995 WL 92148. However, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 531 N.E.2d 721; *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 617 N.E.2d 780.

The court in *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 304, 610 N.E.2d 1085, 1087, cautioned how a court should look at questions regarding arbitration clauses:

"A clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. In examining such a clause, a court must bear in mind the strong presumption in favor of arbitrability, and any doubts should be resolved in favor of coverage under the arbitration clause." (Citations omitted.)

In *Kline v. Oak Ridge Bldrs.* (1995), 102 Ohio App.3d 63, 656 N.E.2d 992, the court faced facts similar to those in the case at bar. In that case, the Klines sued the Morrises and Oak Ridge. The trial court granted a motion to stay proceeding and ordered the parties to submit to arbitration. The court of appeals affirmed the portion of the trial court's decision staying the trial proceedings and ordering arbitration of the controversy between the Klines and Oak Ridge. The court was satisfied that a written agreement to go to arbitration had been signed by these parties. However, the court reversed that portion of the trial court's decision ordering arbitration between the Klines and Morrises because the Morrises were not parties to the written agreement between the Klines and Oak Ridge.

---

1. Ignoring the format prescribed in App.R. 16, appellants have presented their assignments of error in the form of questions.

In *Wooster Assoc. v. Walter Jones Constr. Co.* (Dec. 21, 1994), Wayne App. No. 2900, unreported, 1994 WL 709647, the court affirmed the denial of a motion to stay proceedings and refer the case to arbitration because the appellant failed to demonstrate that the subcontractor had affirmatively assumed an arbitration clause of a contract. The subcontractor, who had moved for the stay, was unable to establish that it had incorporated, either expressly or by reference, an arbitration clause found in the contract between the owner and the general contractor. The court concluded that "appellees have convincingly demonstrated that an agreement to arbitrate was not intended." *Id.* at 4.

Defendants argue, on the other hand, that "[i]n examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability." *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089, 1090–1091. The court in *Wooster Associates,* however, correctly limited this presumption as follows: "While presumptions exist favoring arbitration in the case of uncertainty and requiring a court to construe an ambiguous agreement most strictly against its drafter, we believe such presumptions are invoked only when competing inferences are relatively equal." *Wooster Associates* at 4.

There being no evidence of a contract between URS and St. Vincent, we do not reach this stage of resolving ambiguities. The record in the case at bar is limited. The contract between ZHP and St. Vincent contained an arbitration clause. However, it is undisputed that URS was not a party to this contract. An appellant bears the burden of showing error on appeal by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385. URS has not presented any documentary evidence to establish affirmatively that it assumed the liabilities of ZHP under the contract or that the contract had been formally assigned to URS. Because defendants have failed to demonstrate that between URS and St. Vincent an agreement to arbitrate was intended, the trial court did not err by denying defendants' joint motion to stay the proceedings.

*Judgment affirmed.*

James D. Sweeney, P.J., O'Donnell and Karpinski, JJ., concur.