**PALKOVITZ, Appellee,**

v.

**FRAIBERG, Appellant.**

[Cite as *Palkovitz v. Fraiberg* (1997), 122 Ohio App.3d 712.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72262.

Decided Sept. 8, 1997.

*Stanley E. Stein*, for appellee.

*Kenneth J. Fisher*, for appellant.

---

*Per Curiam.*

This cause came to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.R. 25, the record from the Cuyahoga County Court of Common Pleas and the briefs of the parties. Robert Fraiberg, defendant-appellant, appeals the decision of the Cuyahoga County Court of Common Pleas denying his motion to stay the trial court proceedings until an arbitration proceeding has been had in accordance with the parties' contract. For the following reasons, we affirm the decision of the trial court.

Herbert Palkovitz, plaintiff-appellee, is an attorney licensed to practice in the state of Ohio. On March 23, 1994, the parties entered into a contract whereby plaintiff-appellee would represent defendant-appellant in a domestic relations matter for $200 per hour. Included within the contract was an arbitration clause, which states:

"In the event you have a dispute with regard to attorney fees, that dispute will be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Furthermore, if you have a dispute with regard to services performed by this office, including legal malpractice involving an amount in the excess of the jurisdictional limit of the Small Claims Court, that dispute will be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. As a result, neither a judge nor a jury will decide the dispute."

Upon being billed for services rendered, defendant-appellant failed to pay plaintiff-appellee in accordance with the terms and conditions of their contract. On July 19, 1995, plaintiff-appellee filed a claim in the Cuyahoga County Court of Common Pleas seeking the unpaid balance of his account, $11,044.18.

On December 4, 1995, the trial court referred the matter to arbitration pursuant to Loc.R. 21.2 of the Court of Common Pleas of Cuyahoga County, General Division. Plaintiff's counsel filed a motion to vacate the arbitration referral, which was granted by the trial court on March 25, 1996.

On March 3, 1997, defendant-appellant filed an application to stay proceedings. Defendant-appellant argued that the case must be stayed in the trial court and

the matter referred to arbitration pursuant to the arbitration clause in the parties' contract. The trial court denied this application on March 6, 1997. Pursuant to R.C. 2711.02, defendant-appellant appeals the trial court's decision. See, also, *Stewart v. Shearson Lehman Bros., Inc.* (1992), 71 Ohio App.3d 305, 593 N.E.2d 403.

It is well established that an arbitration clause should not be denied effect unless it may be said with positive assurances that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 610 N.E.2d 1085; *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.

██ Moreover, we are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242; *Gaffney v. Powell* (1995), 107 Ohio App.3d 315, 668 N.E.2d 951. Consequently, any ambiguity as to the scope of an arbitration clause itself should be construed and/or resolved in favor of arbitration. *Volt Information Sciences, Inc. v. Leland Stanford Junior Univ. Bd. of Trustees* (1989), 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488, 498; *Didado; Independence Bank, supra.* However, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. *Piqua v. Ohio Farmers Ins. Co.* (1992), 84 Ohio App.3d 619, 617 N.E.2d 780; *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 531 N.E.2d 721; *St. Vincent Charity Hosp. v. URS Consultants* (1996), 111 Ohio App.3d 791, 677 N.E.2d 381.

██ In the case *sub judice,* the arbitration clause is unambiguous and limited in scope. The clause requires that if *defendant-appellant* has a dispute as to the fees or wishes to assert legal malpractice, the issue must be resolved through the American Arbitration Association. Contrary to defendant-appellant's assertions, the arbitration clause does not apply to any and all disputes arising out of or relating to the attorney fee contract. There is simply no mention in the contract as to the method by which *plaintiff-appellee* may seek to collect his fees from defendant-appellant. We refuse to incorporate language into the parties' agreement which they themselves have excluded. Accordingly, we hold that the trial court did not err in denying defendant-appellant's application to stay the proceedings.

*Judgment affirmed.*

JAMES D. SWEENEY, C.J., MATIA and SPELLACY, JJ., concur.