JOURNAL ENTRY AND OPINION
Defendants-appellants Rock Creek Aluminum, Inc., IMCO Recycling, Inc., Don V. Ingram, and Richard L. Kerr (collectively "appellants") appeal from the order of the trial court denying their motion to compel arbitration and stay the court action.
Appellants assign the following errors for our review:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT ROCK CREEK ALUMINUM, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANTS-APPELLANTS IMCO RECYCLING, INC., RICHARD L. KERR AND DON V. INGRAMS' [SIC] MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION.
For the following reasons, we reject appellants' assignments of error and affirm the judgment of the trial court.
 I.
On or about January 21, 1997, defendant-appellant IMCO Recycling, Inc. ("IMCO") purchased all the outstanding stock of defendant-appellant Rock Creek Aluminum, Inc. ("RCA"), including the common stock held by plaintiff-appellee James T. Skoch.[1]
Prior to the stock purchase transaction, RCA employed Mr. Skoch as its president and chief executive officer.
As part of the stock sale, RCA entered into a three-year consulting agreement with Mr. Skoch under which RCA agreed to pay Mr. Skoch an annual salary of $150,000.00 plus incentives and benefits. The consulting agreement provided that RCA could terminate Mr. Skoch for cause. The consulting agreement also contained the following "arbitration clause":
 Arbitration. Upon termination for Cause, Mr. Skoch shall have ninety (90) days following such termination to request in writing that the question of Cause be settled by private arbitration to determine whether the termination was with or without Cause. Arbitration shall be in Cleveland, Ohio, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. RCA shall bear the full cost of any arbitration unless Mr. Skoch is unsuccessful on his claim, in which case Mr. Skoch shall pay all of his expenses therefor.
IMCO employed defendant-appellant Don V. Ingram as its chief executive officer. IMCO also employed defendant-appellant Richard L. Kerr as its chief operating officer. In a letter dated May 27, 1998, Mr. Kerr terminated Mr. Skoch's employment relationship with RCA. On June 29, 1998, Mr. Skoch filed a complaint in the Cuyahoga County Court of Common Pleas; in his complaint, Mr. Skoch averred that RCA breached the consulting agreement. Mr. Skoch also raised a tortious interference with contract claim against IMCO, Mr. Ingram and Mr. Kerr.
On August 12, 1998, appellants filed a motion to compel arbitration and stay the court action. In a journal entry filed on October 27, 1998, the trial court denied appellants' motion to compel arbitration and stay the court action. On November 25, 1998, appellants instituted this appeal.[2]
 II.
In their first and second assignments of error, appellants claim that the trial court erred in denying their motion to compel arbitration and stay the court action. Appellants insist that the subject consulting agreement contained a mandatory arbitration clause and, therefore, the trial court was required to stay the underlying case and enforce the arbitration clause pursuant to R.C. Chapter 2711.
The parties proffer lengthy and convoluted legal arguments on the construction of the subject arbitration clause. However, this court has stated the appropriate standard for the construction of an arbitration clause in one mere paragraph:
 Moreover, we are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242; Gaffney v. Powell (1995), 107 Ohio App.3d 315, 668 N.E.2d 951. Consequently, any ambiguity as to the scope of an arbitration clause itself should be construed and/or resolved in favor of arbitration. Volt Information Sciences, Inc. v. Leland Stanford Junior Univ. Bd. of Trustees (1989), 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488, 498; Didado; Independence Bank, supra. However, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. Piqua v. Ohio Farmers Ins. Co. (1992), 84 Ohio App.3d 619, 617 N.E.2d 780; Teramar Corp. v. Rodier Corp.
(1987), 40 Ohio App.3d 39, 531 N.E.2d 721; St. Vincent Charity Hosp. v. URS Consultants (1996), 111 Ohio App.3d 791, 677 N.E.2d 381.
Palkovitz v. Fraiberg (1997), 122 Ohio App.3d 712, 714.
In the instant case, the arbitration clause is clear and unambiguous; the arbitration clause does not mandate arbitration. The arbitration clause merely requires that any request for arbitration be made within ninety days of termination.
The cases cited by appellants are inapposite — the respective arbitration clauses in those cases clearly mandated arbitration. Compare Council of Smaller Ents. v. Gate, McDonald Co. (1998), 80 Ohio St.3d 661 ("All disputes and controversies of every kind and nature between Gates and COSE that may arise as to the existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination of this Agreement shall be submitted to arbitration * * *."); Gibbons-Gable Co. v. Gilbane Bldg. Co.
(1986), 34 Ohio App.3d 170 ("If Owner and Contractor are unable to dispose of such claim in a mutually agreeable fashion, such claim shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."); etc.
The subject arbitration clause does not contain language which could be construed as mandating arbitration. We refuse to incorporate language into the consulting agreement which the parties have failed to include in the agreement. Based upon the foregoing, we find that the trial court did not err in denying appellants' motion to compel arbitration and stay the court action. Appellants' first and second assignments of error are overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR.
 _________________________ LEO M. SPELLACY JUDGE
[1] Mr. Skoch was RCA's majority shareholder. Prior to the sale to IMCO, Mr. Skoch held approximately 65% of RCA's common stock.
[2] We note that this court has jurisdiction over this appeal pursuant to R.C. 2711.02. R.C. 2711.02 states, in part:
 An order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.