This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shoppping MallAssn. (1983), 11 Ohio App.3d 158.
Defendants-appellants Star-Lite Building and Development Co. and Michael Borsky (appellants) appeal the order rendered in Cuyahoga County Court of Common Pleas in which the trial court denied their motion for stay of proceedings pending arbitration. For the reasons stated below, we affirm.
The record reflects that on April 29, 1994, plaintiffs-appellees David and Mary Ann Wishnosky (appellees), as buyers, entered into a contract with appellants, as contractor/seller, for the construction of a residential dwelling and improvements to premises located on Falmouth Circle, North Royalton, Ohio. On March 17, 1999, appellees commenced the within refiled action against appellants Star-Lite Building and Michael Borsky, among others, in a six-count complaint in which they asserted claims against appellants for breach of contract and fraud alleging that appellants failed to complete construction of their home in a good and workmanlike manner. On April 30, 1999, appellants filed their separate answer, demanded trial by jury and included, as an affirmative defense, the claim that the contract was subject to mandatory arbitration and/or mediation. With their answer, appellants asserted both a compulsory counterclaim alleging breach of contract for sums due under the contract and a claim for damages due to appellees intentional and wrongful filing of a mechanic's lien on their property. Appellants included with this answer their jury demand. The same day, appellants moved for a more definite statement on the claim of fraud asserted against them. On September 3, 1999, appellees filed an amended complaint in which they pled their fraud claim with greater particularity. Jury trial was set to commence on November 22, 1999, with a settlement conference set to be held on September 21, 1999. On September 10, appellants filed a motion for stay of proceedings pursuant to R.C. 2711.02 claiming that the Home Warranty issued to appellees provides that claims of this nature shall be settled through mediation and arbitration. Then, on September 24, appellants filed their answer to the amended complaint in which they generally denied the allegations against them and, again, demanded a trial by jury. On September 28, appellees filed their opposition to appellants' motion for stay in which they claimed that no legal basis for a stay nor a referral to arbitration exists in the contract and they further argued that appellants' acts as demonstrated by their delay in requesting a stay, their participating in the litigation and their filing counterclaims are inconsistent with the asserted right to arbitrate. The court continued the settlement conference and, on October 14, 1999, denied appellants' motion for stay without opinion. Final pretrial was reset to November 9 and jury trial remained set to commence November 22, 1999. On November 12, appellants brought this interlocutory appeal of the trial court's denial of their motion for a stay pursuant to the statutory right to immediate appeal as set forth in R.C. 2711.02. Appellants advance two assignments of error for our review.
 I. THE COURT ERRED IN NOT CONDUCTING A HEARING BEFORE OVERRULING THE MOTION FOR A STAY.
 II. THE COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING THE MOTION FOR A STAY.
The within appeal is advanced pursuant to R.C. 2711.02, which provides:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
Preliminarily, we shall consider appellees challenge to the jurisdiction of this court to hear the within appeal. Appellants claim their right of immediate appeal based upon R.C. 2711.02 which providesinter alia that an order which grants or denies a stay upon consideration of an arbitration agreement is a final order subject to this court's review. Appellees, on the other hand, argue that no final and appealable order lies from the decision of the trial court because R.C. 2711.02
provides for enforcement of a written agreement and, in this case, they contend that no written agreement to arbitrate the claims exists between the parties.
It is undisputed that the construction contract entered into by the parties on April 29, 1994 does not contain an arbitration provision. However, the construction contract provides in pertinent part that BUILDER shall warrant his workmanship and material for a period of one year after completion and shall further provide PURCHASERS with BIA Registered Warranty * * *. Appellants supported their motion with a written but unsigned BIA Limited Home Warranty agreement which is referenced in the construction contract and which provides by its terms for dispute settlement through mediation or should mediation fail, that either party may request that any matter covered by the limited warranty be determined by arbitration.
We note that nothing in the statute requires that the written agreement be signed by the parties. R.C. 2911.02. In construing similar provisions under the Federal Arbitration Act, the federal courts have consistently held that, to enforce an arbitration clause, it is only necessary that the provision be in writing and it is not required that such writing be signed. [Citations omitted.] Brumm v. McDonald Co. Securities, Inc.
(1992), 78 Ohio App.3d 96, 102. Therefore, we find appellants' assertion of this court's jurisdiction to review this interlocutory order pursuant to R.C. 2711.02 does not fail where appellants have supported their motion for stay by attaching the contract of the parties which references the BIA Limited Home Warranty contract containing the arbitration clause and attaching an unsigned prototype contract. Accordingly, we find that the trial court's denial of appellants' motion to stay the proceedings is a final and appealable order pursuant to the statute.
In this appeal, appellants essentially assert that the trial court was bound by the statutory provisions found in R.C. 2711, et seq. to both conduct a hearing on their motion for stay and then grant the motion in their favor.
The Ohio Arbitration Act allows for either direct enforcement of [arbitration] agreements through an order to compel arbitration under R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02, 6 Ohio Jurisprudence 3d (1978) 40, Arbitration Award, Section 39. See Brumm, supra, 100. R.C. 2711.03
provides for direct enforcement of an arbitration agreement by providing that any party aggrieved by the failure of another to perform under a written agreement for arbitration may petition the court of common pleas for an order directing such arbitration and the court shall hear the parties. Appellants did not seek, nor did the court grant such relief to appellees in the matter before us. Rather, appellants sought a stay of proceedings pursuant to R.C. 2711.02 which provides for the indirect enforcement of an arbitration agreement and states in pertinent part: If any action is brought upon any issue referable to arbitration * * *, the court * * *, upon being satisfied that the issue involved in the action is referable to arbitration * * *, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had * * *. R.C.2711.02
A fair reading of R.C.2711.02 demonstrates that the statute does not obligate the court to conduct a hearing on the issue. The terms of the statute require only that the court be satisfied that the dispute is referable to arbitration under the agreement. See Brumm, supra, 100. Thus, we find that the trial court did not err in failing to conduct a hearing on appellants' motion. Appellants' first assignment of error is without merit.
In their second assignment of error, appellants contend that the court erred in denying its motion for stay of proceedings and claim that the BIA Limited Registered Warranty, which was submitted in support of their motion, demonstrates that this dispute is a matter which the parties agreed to arbitrate. Appellees, on the other hand, assert that the decision of the trial court is correct and argue that R.C. 2711.02 is inapplicable in the matter sub judice because no agreement to arbitrate exists in writing between the parties.
Ohio and federal courts encourage arbitration to settle disputes. [Citations omitted.] ABM Farms Inc. v. Woods (1998), 81 Ohio St.3d 498,500. We are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. See Schaeferv. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711; Gaffney v. Powell
(1995), 107 Ohio App.3d 315, 320. However, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration.Piqua v. Ohio Farmers Ins. Co. (1992), 84 Ohio App.3d 619, 621; TeramarCorp. v. Rodier Corp. (1987), 40 Ohio App.3d 39, 40; St. Vincent CharityHosp. v. URS Consultants, Inc. (1996), 111 Ohio App.3d 791, 793.Palkovitz v. Fraiberg (1997), 122 Ohio App.3d 712, 714. Moreover, a parties conduct inconsistent with arbitration may act as waiver of the right to arbitrate. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 413. Thus, a trial court may deny a stay if it is not satisfied that the issue involved in the action is referable to arbitration or if the trial court determines that the party has waived arbitration under the agreement. See R.C. 2711.02. In either circumstance this court will review the decision made by the trial court and determine whether the court abused its discretion. See Harsco, supra; and, Phillipsv. Lee Homes, Inc. (Feb. 17, 1994) Cuyahoga App. No. 64353, unreported.
In this case, the order issued by the trial court denied appellants' motion for stay without setting forth its reasons. Therefore, this court is without guidance as to whether the trial court was not satisfied that the issue involved in the action was referable to arbitration under an agreement in writing or whether such agreement did exist but was waived by appellants. Nonetheless, upon review, if this court fails to find an abuse of the trial court's discretion in its denial, the decision will be affirmed.
First, we consider whether appellants presented evidence sufficient to satisfy the court that the issues involved in the action were subject to arbitration under an agreement in writing. In support of their claim that the issues were arbitable, appellants provided the trial court with an unsigned and undated prototype Limited Home Warranty which by its own terms terminates one year after commencement of the date on the certificate. The Limited Home Warranty requires that written notice of a homeowner's complaint under the warranty must be received by the builder within one year of the commencement date of the warranty. Mediation may be requested by letter, the requisite American Arbitration Association forms, a filing fee and a copy of the claim or complaint letter previously sent. If agreement cannot be reached, the Warranty provides for arbitration and provides The party seeking such arbitration shall submit the requisite AAA forms and shall pay the AAA filing fee for such arbitration. The record is devoid of any evidence that appellees sought arbitration pursuant to the Limited Home Warranty during its term of enforcement. Under these circumstances, it cannot be said that the issues involved in the matter sub judice are referable to arbitration under an agreement in writing for arbitration. Accordingly, where appellants have failed to demonstrate that the issues involved were subject to arbitration, and have failed to establish that an agreement to arbitrate was intended by the parties and in full force and effect at the time of the dispute, then it cannot be said that the trial court erred in denying the motion. Without sufficient evidence of the existence of a written agreement to arbitrate the disputed claims, the trial court is left with no alternative but to deny the motion and proceed with litigation. ACRSInc. v. Blue Cross Blue Shield (1998), 131 Ohio App.3d 450, 457. As a consequence, the denial of appellants' motion for stay of proceedings, if based upon the trial court's failure to be satisfied that the issue involved was referable to arbitration, should be affirmed.
However, assuming arguendo, that the trial court found the issues involved here were, in fact, referable to arbitration, we shall consider whether appellants' conduct constituted waiver of the agreement. A waiver of the right to arbitrate is not lightly inferred. Harsco, supra, 415. This court has set forth a test where two elements must be shown to demonstrate the defending party's conduct during litigation constitutes a waiver to its right to arbitrate. Phillips, supra. To prove that the defending party waived its right to arbitration, the complainant is required to demonstrate that the defending party `knew of an existing right to arbitration, see List Son Co. v. Chase (1909), 80 Ohio St. 42,88 N.E. 120, and acted inconsistently with that right to arbitrate.' Id.; See Central Trust Co. v. Anemostat Prods. Div. (S.D.Ohio 1985),621 F. Supp. 44; Rock v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126, 606 N.E.2d 1054. `The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate.'Phillips, supra. Harsco, supra, 413-414. The standard of appellate review is whether the trial court abused its discretion in determining that the defendants had waived the contractual arbitration provision. Phillips,
supra, 4-5. Thus, reversal is mandated only where it is shown that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The circumstances which may be considered by the court as pertinent to the issue of waiver are: 1) any delay in the requesting party's demand to arbitrate via motion to stay judicial proceedings; 2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the proceeding, including the status of discovery, dispositive motions and the trial date; 3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and 4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. See Harsco, supra, 414.
In this case, appellants' actions can be seen to be inconsistent with the claimed right to arbitrate the issues. The record demonstrates that in their answer appellants asserted as an affirmative defense its right to arbitrate the dispute but they participated in the discovery and pretrial stages of the litigation and failed to move for a stay of proceedings until the eve of the settlement conference. They filed responsive pleadings; they filed two counterclaims, recognizing the trial court's authority to determine the suit pending before it; and, they twice requested the court to conduct a trial by jury. Based upon the totality of these circumstances, the court reasonably could find that appellants were aware of their claimed right to arbitrate the case but that their actions were inconsistent with that asserted right. Thus, it cannot be said that the trial court's decision was unreasonable, arbitrary or unconscionable. Clearly, a finding that appellants' actions were inconsistent with the right to arbitrate would not be an abuse of the court's discretion given the totality of the circumstances here. Accordingly, a denial of appellants' motion for stay of proceedings, if based upon their waiver of right to participate in arbitration, should be affirmed. Appellants' second assignment of error is without merit.
Judgment affirmed. The within matter is remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J. and KILBANE, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE