ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
Plaintiff-appellant Richard Moodie appeals the trial court's decision which granted defendants-appellees KraftMaid Cabinetry, Inc. and Masco Corporation's Motion to Compel Arbitration.
On August 8, 1997, Moodie entered into an Employment and Consulting Agreement (Consulting Agreement) with KraftMaid. Masco is the guarantor of that agreement. Moodie is the former president and chief executive officer of KraftMaid. Moodie sold KraftMaid to Masco. Pursuant to the Consulting Agreement, Moodie was to serve as president of KraftMaid for one month; thereafter his status changed from employee to consultant. The term of the agreement is six years, and it contains restrictive covenants.
Moodie initiated this action for declaratory relief, breach of contract, recission of contract, breach of duty of good faith and fair dealing, and fraud. Appellees filed an answer, and a motion to compel arbitration and stay litigation. The trial court granted the motion to compel arbitration, but denied the motion to stay litigation.
Moodie raises the following assignments of error for our review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY COMPELLING ARBITRATION OF PLAINTIFF-APPELLANT'S REQUEST FOR DECLARATORY JUDGMENT CONCERNING THE UNENFORCEABILITY OF THE RESTRICTIVE COVENANTS CONTAINED IN THE EMPLOYMENT AND CONSULTING AGREEMENT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY COMPELLING ARBITRATION OF PLAINTIFF-APPELLANT'S BREACH OF CONTRACT, RECISSION OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AND FRAUD CLAIMS.
For the following reasons, we reject appellant's assignments of error and affirm the judgment of the trial court in part and reverse in part.
Appellees brought their motion to compel arbitration and stay litigation pursuant to R.C. 2711.03. The trial court held a hearing on the motions pursuant to R.C. 2711.03, after which the court ordered the parties to proceed to arbitration in accordance with the Consulting Agreement. Moodie asserts that the trial court erred in compelling arbitration of his request for declaratory judgment regarding the enforceability of the restrictive covenants and his claims of recission and breach of contract, breach of the duty of good faith and fair dealing, and fraud claims.
The interpretation of an arbitration provision in a contract is a question of law; thus, the trial court's decision is reviewed de novo. Spalsbury v. Hunter Realty Co. (Nov. 30, 2000), Cuyahoga App. No. 76874, unreported.
A strong policy exists in favor of enforcement of arbitration clauses in written agreements. Williams v. Aetna Finance Company (1998),83 Ohio St.3d 464, 700 N.E.2d 859, see, e.g., Prima Paint Corp. v. Flood Conklin Mfg. Co. (1967), 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270;Allied-Bruce Terminix Cos., Inc. v. Dobson (1995), 513 U.S. 265,115 S.Ct. 834, 130 L.Ed.2d 753.
Arbitration is encouraged as a method to settle disputes. See, e.g., ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 692 N.E.2d 574; Council of Smaller Enterprises v. Gates, McDonald Co. (1998),80 Ohio St.3d 661, 687 N.E.2d 1352; Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711-712, 590 N.E.2d 1242, 1245. A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected. See Council of Smaller Enterprises, 80 Ohio St. 3 d at 668, 687 N.E.2d at 1357. Consequently, any ambiguity as to the scope of an arbitration clause itself should be construed and/or resolved in favor of arbitration. Volt Information Sciences, Inc. v. Leland Stanford Junior Univ. Bd. of Trustees (1989),489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488, 498. However, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. Piqua v. Ohio Farmers Ins. Co. (1992),84 Ohio App.3d 619, 617 N.E.2d 780; Teramar Corp. v. Rodier Corp. (1987), 40 Ohio App.3d 39, 531 N.E.2d 721; St. Vincent Charity Hosp. v. URS Consultants (1996), 111 Ohio App.3d 791, 677 N.E.2d 381.
R.C. 2711.01 provides:
 (A) A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract. (Emphasis added.)
At issue is the arbitration clause found in paragraph 16 of the Consulting Agreement. It provides:
 The parties hereto agree that pursuant to the Company's Corporate Dispute Resolution Policy (the CDRP), mediation, and, if unsuccessful, arbitration, will apply to the employment and consulting relationship hereunder and will be the sole and exclusive remedies for any claims which may arise between the parties (other than allegations by [KraftMaid] of breach of Paragraphs 5, 6 or 8) in any way relating to this Agreement or for the breach thereof to the extent such claims are covered by the CDRP, and [Moodie] agrees not to pursue any such claims through a court or a jury.
In the instant case, the arbitration clause is clear and unambiguous; arbitration of the issues at hand is mandatory. The only exceptions to this arbitration clause are set forth within the arbitration clause itself. Said exceptions apply to claims initiated by KraftMaid regarding a breach of the restrictive covenants found in paragraphs five, six or eight, and those claims not covered by the CDRP.
Moodie's contention that the agreement intended to only obligate the parties to arbitrate issues arising out of his employment relationship and not the consulting relationship is without merit. It is clear by the plain language of the arbitration clause that disputes arising out of both the employment and consulting relationships are referable to arbitration.
The Consulting Agreement reiterates the preference for resolving conflicts via arbitration rather than through court, as set forth in the CDRP.
Moodie erroneously asserts that the CDRP only covers claims arising out of the employee's employment or termination. Under the heading Claims Covered by this Policy, a wide variety of general claims are set forth, with no qualifier as to the origin of the disputes.
The CDRP states:
 The disputes covered by this Policy include any claim under applicable state or federal law a current or former employee within the United States might have against the Company including, for example, all claims for: wages or other compensation due; breach of contract; negligence; intentional torts; any alleged exception to the workers' compensation laws; defamation; all forms of unlawful discrimination * * *; denial of fringe benefits; violation of any federal, state, or other governmental law, statute, regulation, or ordinance; and, any other matters arising under common or statutory law.
Moodie also relies on Greff v. Meeks Company (April 20, 1995), Franklin App. No. 94APE07-1012, unreported, in support of his contention that the validity of the restrictive covenants should be determined by a court of law. However, in Greff, the agreement expressly limited the arbitrator's authority to decide the validity of the restrictive covenants. Thus, the arbitrator could not grant the relief sought by Greff. Here, no such limitation exists. The general language found in paragraph sixteen of the agreement permits the arbitration of any claims related to the Consulting Agreement, except for claims excluded by the CDRP, which are listed in the CDRP under the heading Claims Not Covered by this Policy, and include, workers' compensation benefits, unemployment compensation benefits and claims under any of the Company's employee welfare benefit and pension plans. Since the restrictive covenants do not fall within these exceptions, Moodie's argument is without merit.
While the arbitration clause in the Consulting Agreement does provide an exception for disputes relating to the restrictive covenants found in paragraph five, six and eight of the Consulting Agreement, said exception is expressly applicable to claims raised by KraftMaid only. It states that arbitration is the sole remedy for any claims other than allegations by the Company of breach of Paragraphs 5, 6, or 8.
However, Moodie attempts to invoke this limited exception by citing the language contained in paragraph seven of the Consulting Agreement, which states that a final judicial determination of the enforceability of the restrictive covenants is to be made by a court having jurisdiction. Moodie argues that this language withdraws from the arbitrator the power to grant either party relief under the Consulting Agreement's restrictive covenants. Cf. Greff, supra.
However, paragraph seven only establishes that if KraftMaid raises a claim regarding the restrictive covenants in court, and the court finds these covenants or a portion thereof to be unenforceable, then the provisions of such restriction shall not be rendered void but shall be deemed amended to apply as to such maximum time and territory and to such other extent as such court may judicially determine or indicate to be reasonable. Thus, the language in paragraph seven is a boilerplate severability contract provision, and does not alter the fact that paragraph sixteen only provides KraftMaid, not Moodie, with a limited exception from the obligation to pursue mediation/arbitration with respect to non-competition and proprietary information claims. Other than the exception carved out for KraftMaid, and the exception for unemployment and workers' compensation claims found in the CDRP, all other matters are to be arbitrated pursuant to the Consulting Agreement's arbitration clause.
Thus, because Moodie agreed not to pursue the claims at issue through a court or a jury, his assignments of error are without merit.
Despite finding that the issues at hand are subject to arbitration, the trial court did not stay the litigation pending the arbitration. Pursuant to R.C. 2711.02, an order denying stay of an action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal.
R.C. 2711.02 grants the trial court the authority to stay a trial of a matter if [the] action is brought upon any issue referable to arbitration under an agreement in writing for arbitration.
R.C. 2711.02 provides:
 [U]pon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, [the trial court] shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *.
Here, the trial court found that the issues at hand were referable to arbitration. However, after making this determination, it erroneously denied KraftMaid's motion to stay the litigation pending the arbitration contrary to R.C. 2711.02.
Therefore, the trial court's decision granting the motion to compel arbitration is affirmed, and its decision denying the appellees' motion to stay litigation is reversed.
This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that appellant and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.:
ANNE L. KILBANE, P.J., and JAMES J. SWEENEY, J., CONCUR