JOURNAL ENTRY AND OPINION.
{¶ 1} Defendants-appellants Stephen J. Bucchieri and Bucchieri Architects (hereinafter referred to in the singular) appeal from the trial court order that denied Bucchieri's second motion to compel arbitration of the claims made against him by plaintiffs-appellees James and Leslie Halloran.
 {¶ 2} Bucchieri asserts the claims set forth by the Hallorans in their amended complaint are covered by a clause in the written agreement entered into by the parties that requires arbitration of any disputes that arise. Upon a review of the record, this court disagrees with Bucchieri's assertion. Consequently, the trial court's order is affirmed, and this case is remanded for further proceedings.
 {¶ 3} The Hallorans filed their original complaint against Bucchieri in the summer of 2002. They alleged Bucchieri, a licensed architect, in 1990 had agreed pursuant to a written contract to provide to them architectural and construction management services in connection with their new home. The Hallorans acknowledged this written agreement contained an arbitration clause.
 {¶ 4} However, the Hallorans further alleged that Bucchieri additionally had entered into an oral contract with them to act as a subcontractor for the provision and installation of the home's windows and doors. They asserted this separate agreement contained no provisions for arbitration of disputes.
 {¶ 5} The remainder of the Hallorans' complaint set forth claims that related solely to the manufacture and installation of their home's windows and doors. These included fraud, breach of an oral contract, breach of warranty, breach of implied warranty of fitness, and violation of the Ohio Consumer Sales Practices Act. Without opposition from Bucchieri, the Hallorans subsequently filed an amended complaint that added a claim of negligence.
 {¶ 6} Bucchieri's response to both the original complaint and the amended complaint was to file motions to either stay the proceedings or to dismiss the Hallorans' claims. In relevant part, Bucchieri argued the claims were subject to the arbitration clause contained in the written contract. Bucchieri attached a copy of the written contract to his motions.
 {¶ 7} After the Hallorans submitted briefs in opposition to Bucchieri's motions, the trial court issued an order that refused to either stay the proceedings or dismiss the claims. Bucchieri has appealed that order pursuant to R.C. 2711.02(C).
 {¶ 8} Bucchieri's sole assignment of error states:
 {¶ 9} "I. The trial court erred by refusing to enforce the arbitration clause in the written contract between the parties."
 {¶ 10} Bucchieri's appellate brief contains several arguments that relate to the merits of the claims contained in the Hallorans' amended complaint; however, the parties have filed in this court an agreed stipulation that the only issue relevant to this appeal is whether the written contract requires a stay of the proceedings pending arbitration. Following a review of the materials presented to the trial court, this court concludes that the trial court was correct in determining that it does not.
 {¶ 11} Bucchieri accurately declares Ohio public policy generally encourages the resolution of disputes through arbitration. Kelm v. Kelm,68 Ohio St.3d 26, 27, 1993-Ohio-56. An arbitration clause should not be denied effect, therefore, unless the court determines to a "high degree of certainty" that the clause does not cover the asserted dispute. OwensFlooring Co. v. Hummel Constr. Co. (2001), 140 Ohio App.3d 825, 829.
 {¶ 12} Nevertheless, parties cannot be compelled to arbitrate a dispute which they have not agreed to submit to arbitration. St. VincentCharity Hosp. v. URS Consulultants, Inc. (1996), 111 Ohio App.3d 791. It follows that only the claims that arise from the contract which contains the clause can be submitted to arbitration. McCourt Constr. Co. v.J.T.O., Inc. (Sept. 20, 1996), Portage App. No. 96-P-0036.
 {¶ 13} Paragraph 7.1 of the written contract between the Hallorans and Bucchieri states:
 {¶ 14} "Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement orbreach thereof shall be subject to and decided by arbitration * * *." (Emphasis added.)
 {¶ 15} This paragraph must be considered in conjunction with the remainder of the contract provisions. Article 2 specifies the scope of Bucchieri's services; those services are limited to architectural services, viz., the design of the building itself and to evaluation and review of the progress of the construction process. At the outset, subparagraph 2.6.4 states that "[t]he Architect shall have authority to act * * * only to the extent provided in this Agreement unless otherwise modified by written instrument."
 {¶ 16} Subparagraph 2.6.6 specifies that Bucchieri will administer the separate "Contract for Construction" of the residence, but will "not be responsible for construction means, methods, techniques, sequences or procedures * * * since these are solely the Contractor's responsibility under the Contract for Construction." Similarly, 2.6.10 cautions the Hallorans that the issuance by Bucchieri of a "Certificate for Payment [of the Contractor] shall not be a representation that the Architect has (1) made exhaustive or continuous on-site inspections to check the quality * * * of the Work,(2) reviewed construction means * * *, [or] (3) reviewed copies of requisitions received from Subcontractors * * *." Pursuant to subparagraph 2.6.12, the Hallorans further agreed that Bucchieri's "approval of a specific item shall not indicate approval of an assembly of which an item is a component."
 {¶ 17} The Hallorans' amended complaint presents claims against Bucchieri that do not fall under the terms of the written contract. In contrast to the foregoing provisions, the amended complaint alleged that Bucchieri additionally later was selected as a subcontractor on the project. Windham Foods, Inc. v. Fleming Companies, Inc. (May 2, 1997), Trumbull App. Nos. 96-T-5515, 96-T-5519. The claims of the amended complaint challenge only Bucchieri's manufacture and installation of the building's windows and doors; therefore, they are made against him not in his capacity as the building's architect, but as a project subcontractor.
 {¶ 18} The Hallorans claim that Bucchieri performed this additional work pursuant to an oral contract. Since Bucchieri presented no evidence that the separate oral contract contained an arbitration clause, the trial court properly denied his motion to stay the proceedings pending arbitration of the dispute. St. Vincent Charity Hosp.v. URS Consultants, Inc., supra.
 {¶ 19} Accordingly, Bucchieri's assignment of error is overruled.
 {¶ 20} The order of the trial court that denied Bucchieri's motion to stay the proceedings pending arbitration is affirmed. This case is remanded for further proceedings.
Frank D. Celebrezze, Jr., P.J. and Diane Karpinski, J. concur
*Sitting by assignment, Judge John T. Patton, retired, of the Eighth District Court of Appeals.