BOEDEKER et al., Appellees,

v.

ROGERS, et al., Appellants.

[Cite as *Boedeker v. Rogers* (1999), 136 Ohio App.3d 425.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74615.

Decided Dec. 27, 1999.

*Kaufman & Cumberland Co., L.P.A., Steven S. Kaufman, Frank R. Desantis* and *Thomas L. Feher,* for appellees.

*Greene & McQuillan Co.* and *Brian N. Eisen; Charles Kampinski Co., L.P.A.,* and *Charles Kampinski,* for appellees.

*Vory, Sater, Seymour & Pease L.L.P., Anthony J. O'Malley, William G. Porter II* and *Marcel C. Duhamel,* for appellant James M. Marietta III.

*Kelley, McCann & Livingstone, Joshua D. Goldstein, Thomas J. Lee* and *Steven M. O'Bryan,* for Dole P. Baker, M.D.

*McCarthy, Lebit, Crystal & Haiman* and *David A. Schaefer,* for Herbert S. Bell.

*Calfee, Halter & Griswold, LLP, Mark I. Wallach, Brian M. Eisenberg, Tracy S. Johnson* and *Mark T. Freeman,* for Betty Montgomery, Attorney General and J. Lee Covington II, Liquidator of P.I.E. Mutual Insurance Company, appellee.

*Nicola, Gudbranson & Cooper, Matthew T. Fitzsimmons III* and *James H. Grove,* for Kenneth A. Buchwach.

*Greene & McQuillan Co., William Martin Greene* and *Jean M. McQuillan; Christopher Mellino,* for Melvyn Dinner.

*Ulmer & Berne, Craig S. Cobb* and *Michael N. Ungar,* for Paul A. Fleitz.

*Montgomery, McCracken, Walker & RH, John E. Caruso* and *John W. Frazier IV; Martindale & Brzytwa* and *John E. Martindale,* for KPMG Peat Marwick LLP.

*Schmitz, Kopman, Schreiber & Kaveney* and *Frank J. Kaveney,* for Robert C. Loynd.

*Messerman & Messerman, Gerald A. Messerman* and *Philip S. Kushner,* for Larry E. Rogers.

*Synenberg & Marein, Roger M. Synenberg* and *Mary Jo Tipping,* for Warren L. Udisky.

*Darby & Gazak* and *Donald Darby,* for Daniel W. Varga.

*Buckley, King & Bluso* and *Brent M. Buckley; Buckley, King & Bluso* and *William G. Chris,* for Lawrence H. Wolkoff.

---

TERRENCE O'DONNELL, Presiding Judge.

James M. Marietta, III, the former Chief Financial Officer of the P.I.E. Mutual Insurance Company ("PIE"), appeals from a judgment of the common pleas court denying his motion to stay proceedings and compel arbitration of claims filed by James Boedeker, M.D., Blase Pignotti, M.D. and Barbara Walsh, M.D. arising out of the collapse of the medical insurance company. After a review of the record and the applicable case authority, we have concluded the matter should be litigated in a public forum.

The record before us reveals that on March 31, 1997, Larry Rogers, as President of PIE, signed a contract agreeing to employ Marietta as the Executive Vice President, Chief Financial Officer and Treasurer of PIE, for a period of ten years with a five-year renewal period, and further, agreeing to pay him a total annual sum of $300,000 per year, a net bonus of $50,000, and $280,000 for termination of his consulting practice. Herbert S. Bell, M.D., Chairman of the Board of Trustees of PIE, acknowledged the contract, which contained *inter alia* in Article XI, an arbitration clause providing in part:

"The parties to this Contract stipulate that in the event of a disptue [*sic* ] as to the conditions of performance * * * shall be resolved by final and binding arbitration pursuant to the rules of the American Arbitration Association."

The agreement further contained a termination clause which provided in relevant part:

"In the event that the Company is placed in liquidation, receivership, rehabilitation, conservatorship, bankruptcy or any other similar proceeding, or any proceeding which limits, in any manner, the amount or customary distribution of compensation of EMPLOYEE under ARTICLE IV, EMPLOYEE shall be entitled to fifty percent (50%) of all compensation plus the value of all fringe benefits or any other right or moneys EMPLOYEE would be entitled to under this EMPLOYMENT CONTRACT for the remaining term of the EMPLOYMENT CONTRACT. Such amount shall be paid to EMPLOYEE in a lump sum and within tendays [*sic* ] (10) of the filing of an action described in this paragraph."

In June 1997, the Ohio Department of Insurance began an examination of PIE's financial affairs. Scarcely a month after that investigation began, on July 29, 1997, Rogers, on behalf of PIE, entered into a new agreement with Marietta

which terminated Marietta's March 31 employment contract, recited that PIE had paid Marietta $3,568,863 in consideration of such termination, and further provided that Marietta agreed to remain in PIE's employ. Significantly, the new agreement incorporated by reference the arbitration provision of Article XI as contained in the March 31 agreement. Subsequent to the July 29 agreement, PIE consented to the Ohio Department of Insurance directly supervising its affairs.

Following takeover by the Department of Insurance, Boedeker, Pignotti, and Walsh filed a purported class action on behalf of themselves and other policyholders, claiming the defendants caused PIE to breach its contract of insurance with its policyholders, made deceptive entries in corporate reports, converted PIE's assets to their own use, breached fiduciary duties, committed malpractice and interfered with the contractual relationship between PIE and its insureds. In addition, they filed a derivative action on behalf of PIE Mutual Insurance Company against Marietta, Rogers, Bell, Warren L. Udisky, Dole P. Baker, M.D., Janet M. Blanchard, M.D., Robert E. Botti, M.D., Kenneth A. Buchwach, M.D., Joseph B. Carter, M.D., Charles Joseph Doyle, M.D., Paul A. Fleitz, M.D., Isadore Lidsky, M.D., Robert C. Loyne, M.D., John T. Makley, M.D., Clarence Reid McLain, Jr., M.D., Tearle Lee Meyer, M.D., John G. Poulos, M.D., James E. Russell, M.D., Gerald Stark, M.D., Robert T. Stone, M.D., George E. Toma, M.D., Daniel W. Varga, M.D., Kenneth A. Weiner, M.D., Robert C. Winslow, M.D., Lawrence H. Wolkoff, M.D., Robert S. Yurick, M.D., all of whom are alleged to be present and former members of the board of directors, and KPMG Peat Marwick L.L.P., the accounting firm alleged to have served as the auditors during all relevant times. In the derivative suit they alleged the futility of demanding action by the officers or directors of PIE or the superintendent of insurance, who had been appointed as the corporation's rehabilitator. In response, Marietta requested arbitration of these claims pursuant to the terms of his employment contract with PIE. The court denied his motion, and he now appeals and raises one assignment of error for our review, which states:

"The court of common pleas erred in denying appellant marietta's motion to stay proceedings pending arbitration."

Marietta urges the court erroneously denied his motion to stay the proceedings pending arbitration because the claims alleged are within the scope of the arbitration provision of his employment contract with PIE, and even though the individual policyholders did not sign that contract, the court should enforce the arbitration clause contained in it. Boedeker, Pignotti, and Walsh maintain the claims alleged against Marietta should be litigated in court because they never signed the employment contract, are not subject to its terms, and claim Marietta negotiated the arbitration clause in violation of his fiduciary duties to the

corporation and its policyholders. The sole issue then for our review on this appeal concerns whether the trial court properly denied Marietta's motion to arbitrate these claims.

■ As a general proposition, a party to an action cannot be required to arbitrate a dispute between itself and a second party unless they have previously agreed in writing to arbitration. See *Painesville Twp. Local School Dist. v. Natl. Energy Mgt. Inst.* (1996), 113 Ohio App.3d 687, 695, 681 N.E.2d 1369, 1374, citing *Kline v. Oak Ridge Builders, Inc.* (1995), 102 Ohio App.3d 63, 656 N.E.2d 992.

■ In accord with this case authority, the individual claims asserted by the appellees here are not subject to the arbitration clause, since none of the appellees are signatories to Marietta's employment contract. Therefore, with respect to those claims, we affirm the judgment of the court.

■ Regarding the remaining derivative claims asserted in this litigation, we recognize that those asserting these claims do so on behalf of and as the corporation. The contract here makes disputes as to the "conditions of performance" of Marietta's contract subject to arbitration. Hence, we concern ourselves with the question of whether the asserted derivative claims relate to the conditions of performance of Marietta's employment contract. The claims filed in this lawsuit do not allege Marietta failed to perform his duties under his employment contract, but rather that he engaged in conduct beyond the scope of that employment; that he violated or aided and abetted violation of Ohio insurance law; caused false entries to be made in the books and records of PIE to deceive public officials; withheld records to conceal material facts regarding the company's financial condition; converted monies to himself which belonged to PIE; and breached his duties as an officer by engaging in financial misconduct, excessive payments, and by interfering with the loans made by policyholders to the surplus accounts of PIE. These claims do not seek relief based on Marietta's performance of his duties as Treasurer or Chief Financial Officer of the company; rather, they are tort claims for an alleged breach of a fiduciary duty which arises as a result of his position of trust as an officer of the corporation, not from a breach of his employment contract. Hence, they are not subject to the provisions of the arbitration clause contained in the employment contract.

Accordingly, we have concluded the trial court did not abuse its discretion in denying the motion to stay proceedings pending arbitration.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KARPINSKI and ROCCO, JJ., concur.