WEST, Appellee,

v.

HOUSEHOLD LIFE INSURANCE COMPANY, Appellant.

[Cite as *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007-Ohio-845.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–906.

Decided March 1, 2007.

---

464

Fusco, Mackey, Mathews & Gill, L.L.P., and Michael J. Fusco, for appellee.

Javitch, Block & Rathbone, James Y. Oh, and Jeffrey E. Dubin, for appellant.

TYACK, Judge.

{¶ 1} Appellant, Household Life Insurance Company ("Household"), appeals the judgment of the Franklin County Court of Common Pleas denying Household's motion to compel arbitration. Because the trial court correctly addressed the pertinent issues, we affirm.

{¶ 2} On March 27, 2000, appellee, Vernon West, purchased credit disability and life insurance policies from Household in connection with refinancing his home. Shortly thereafter, West apparently became totally disabled and, as a result of that disability, West filed a claim with Household on October 10, 2000. Despite evidence that West's disability occurred after the policy became effective, Household denied the claim on the basis that the disability was a preexisting condition. West filed a complaint in the Franklin County Court of Common Pleas on January 26, 2006, seeking declaratory judgment and damages for breach of contract.

{¶ 3} Subsequent to filing its answer, Household filed a motion to stay and to compel arbitration under R.C. 2711.01 et seq. In support of this motion, Household attached a document identified as an "arbitration rider," which was executed by West as "Borrower" and by an agent for "Lender." The lender's agent is not identified in the record, nor does Household assert that the agent was its own employee or representative. Household did assert, however, that the document's "sole purpose was to compel arbitration[,] were any dispute to arise from the credit disability insurance."

{¶ 4} West filed a memorandum contra the motion to compel arbitration alleging, inter alia, that Household was not a party to any agreement to arbitrate, and that the contract was unconscionable. West acknowledged signing the arbitration rider, which he said was among "a bunch of papers" having to do with refinancing his mortgage in March 2000, but he stated that he did not receive copies of all the documents signed, and specifically that he was not aware of any agreement to waive his right to trial.

{¶ 5} The trial court found that the natural parties to the agreement to arbitrate were "Borrower" and "Lender," and that although the borrower was defined as Vernon West, there was no evidence to support a finding that Household was (or could be) the lender. Thus, the court held that Household was not a party to the agreement to arbitrate, and denied the motion to compel arbitration on the basis that Household had failed to meet its burden of showing that the agreement was binding as to the dispute being litigated. Id. Household subsequently filed a timely notice of appeal with this court on September 8, 2006.

{¶ 6} In this appeal, Household raises a single assignment of error:

The trial court erred in denying Appellant's Motion to Stay Proceedings and Compel Arbitration.

{¶ 7} Appellant asserts that the appropriate standard of review is de novo. Conversely, appellee argues that the appropriate standard of review is abuse of discretion, citing this court's opinion in *Cronin v. Cal. Fitness,* Franklin App. No. 04AP–1121, 2005-Ohio-3273, 2005 WL 1515369, at ¶ 7. This court has already recognized, however, a split in authority as to the appropriate standard of review for denial of motions to stay and to compel arbitration. See, e.g., *Boggs v. Columbus Steel Castings Co.,* Franklin App. No. 04AP–1239, 2005-Ohio-4783, 2005 WL 2210666, at ¶ 5; *Peters v. Columbus Steel Castings Co.,* Franklin App. No. 05AP–308, 2006-Ohio-382, 2006 WL 225274, at ¶ 10. Generally speaking, we review appeals from the denial of motions to dismiss or stay proceedings pending arbitration for abuse of discretion. Id.; accord *Cheney v. Sears, Roebuck Co.,* Franklin App. No. 04AP–1354, 2005-Ohio-3283, 2005 WL 1515388, at ¶ 7; *Cronin.* Interpreting the meaning and construction of contracts, however, requires an appellate court to review de novo. See *Boggs,* citing *Latina v. Woodpath Dev. Co.* (1991), 57 Ohio St.3d 212, 214, 567 N.E.2d 262. Appellant failed to cite any case to support a de novo review, but in a recent opinion by this court, we adopted the de novo standard. *Peters.* We, therefore, review the agreement to arbitrate de novo.

{¶ 8} The Federal Arbitration Act ("FAA"), Section 2 et seq., Title 9, U.S.Code, created a body of substantive federal law, which was made binding on state courts in *Southland Corp. v. Keating* (1984), 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1. Pursuant to the FAA, the General Assembly enacted R.C. 2711.01 et seq., which govern arbitration proceedings in this state. R.C. 2711.01(A) provides that when the parties to a contract include a provision to settle a particular dispute or controversy arising out of the contract ("or out of the refusal to perform the whole or any part of the contract"), the contractual provision "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." See, e.g., *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859. Thus, an arbitration clause is generally viewed as a joint expression that the parties agreed to settle any disputes that should arise under the contract (and are within the scope of the clause) by arbitration, rather than conventional litigation. See id. With limited exceptions, an arbitration clause will be upheld just as any other contractual provision. See id.; see also *Council of Smaller Ents. v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 668, 687 N.E.2d 1352.

{¶ 9} Historically, both Ohio and federal courts have encouraged arbitration as an alternative means of resolving disputes. *Academy of Medicine of Cincinnati v. Aetna Health, Inc.,* 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 10;

see, e.g., *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574; *Williams* at 471, 700 N.E.2d 859; *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711–712, 590 N.E.2d 1242; see also *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 648–650, 106 S.Ct. 1415, 89 L.Ed.2d 648; *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.* (1960), 363 U.S. 574, 582–588, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

{¶ 10} Indeed, the common law dictates a general principle that favors arbitration; that principle, however, does not trump all other principles of law or equity. See, e.g., *Council of Smaller Ents.*, 80 Ohio St.3d at 667, 687 N.E.2d 1352, citing *First Options of Chicago, Inc. v. Kaplan* (1995), 514 U.S. 938, 945, 115 S.Ct. 1920, 131 L.Ed.2d 985. In *First Options*, one of the parties resisting arbitration did not personally sign the agreement to arbitrate; thus, the presumption was against arbitrability, because there were serious doubts that the party resisting arbitration intended to empower the arbitrator to decide anything. Id. at 667, 687 N.E.2d 1352.

{¶ 11} This court has also had occasion to apply the Supreme Court's decade-old exception to the presumption favoring arbitrability. See, e.g., *Benjamin v. Pipoly*, 155 Ohio App.3d 171, 2003-Ohio-5666, 800 N.E.2d 50, at ¶ 33. " 'Arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate a dispute which he has not agreed to submit to arbitration.' " Id., quoting *Teramar Corp. v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 41, 531 N.E.2d 721. Thus, the principle favoring arbitration does not apply when there is a question as to whether the parties before the court are the same as the parties to the agreement to arbitrate.

{¶ 12} Because an agreement to arbitrate is a matter of contract, the agreement cannot be enforced when the dispute being litigated is not included in the arbitration clause. *AT & T Technologies*, 475 U.S. at 648, 106 S.Ct. 1415, 89 L.Ed.2d 648; *Warrior & Gulf*, 363 U.S. at 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409; *Henderson v. Lawyers Title Ins. Corp.*, 108 Ohio St.3d 265, 2006-Ohio-906, 843 N.E.2d 152, ¶ 28; *Gerig v. Kahn*, 95 Ohio St.3d 478, 2002-Ohio-2581, 769 N.E.2d 381, ¶ 14; *Council of Smaller Ents.*, 80 Ohio St.3d at 665, 687 N.E.2d 1352; *Peters*, 2006-Ohio-382, 2006 WL 225274, at ¶ 11. Even more fundamental than the subject matter of the dispute is whether the parties to the pending litigation are the same parties who agreed to arbitrate in the first place. *See AT & T Technologies* at 648–649, 106 S.Ct. 1415, 89 L.Ed.2d 648; see also *Warrior & Gulf* at 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409. Thus, before a court can order litigants to submit to an arbitration proceeding, the court must first determine (1) whether the parties before them are the same parties named in the agreement to arbitrate and, if so, (2) whether they agreed to arbitrate the dispute in question. See, e.g.,

id. Recognizing the fact that arbitrators have authority (jurisdiction) to resolve disputes only because the parties have agreed to submit their grievances to arbitration, see id., without answering both questions in the affirmative, an arbitrator would lack jurisdiction to hear the case. This preliminary inquiry pertains only to the validity or enforceability of the arbitration clause itself (i.e., not the underlying merits of the parties' dispute). If the court answers these two questions in the affirmative and finds that the clause is valid, then the court must compel arbitration. If, however, the court finds that one or both of the preliminary requirements is not met, or otherwise finds the clause to be unenforceable, then the court may consider issues pertaining to the validity of the entire contract. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967), 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270.

{¶ 13} A third party seeking to benefit from a contractual relationship need not be expressly named in the contract, but must be contemplated by the parties and be sufficiently identified. *QualChoice, Inc. v. Bhd. Ins. Co.*, Stark App. No. 06CA–00020, 2007-Ohio-226, 2007 WL 152618, ¶ 15; *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 196, 63 O.O.2d 364, 299 N.E.2d 295. According to the Restatement of the Law, Contracts, to determine the parties' intentions in weighing whether an arbitration clause should be enforced as to a third party, a court should consider the language of the contract and the attending circumstances. Restatement of the Law 2d, Contracts (1981), Section 302, Comment *a;* Ohio Jurisprudence 3d (2006), Contracts, Section 145. In other words, "it must be shown that the contract was made and entered into with the [named parties'] intent to benefit the third person." *Chitlik* at 196, 63 O.O.2d 364, 299 N.E.2d 295.

{¶ 14} The law regarding the enforceability of arbitration clauses as to third parties is consistent with that of ordinary contract law insofar as parties not privy to a contract may not benefit from an arbitration agreement incorporated therein. See, e.g., *Boedeker v. Rogers* (1999), 136 Ohio App.3d 425, 429, 736 N.E.2d 955; *Kline v. Oak Ridge Builders, Inc.* (1995), 102 Ohio App.3d 63, 66, 656 N.E.2d 992. In *Boedeker,* physician policyholders filed suit against the former chief financial officer ("CFO") of their defunct liability insurance company alleging that the former CFO breached fiduciary duties, which resulted in the insurance company's collapse and nonpayment of claims. See id. at 429, 736 N.E.2d 955. The CFO moved for a stay and a referral to arbitration pursuant to an arbitration clause in the CFO's employment contract with the defunct company. The trial court denied the motion, and the Eighth District affirmed, holding that since none of the physician policyholders were signatories to the CFO's employment contract, they could not be bound by his agreement to arbitrate. Id.; cf. *Teramar Corp.* at 40–41, 531 N.E.2d 721 (reversing the trial court's

order for a surety to submit to arbitration pursuant to a clause in an underlying franchise agreement to which the surety was not a party).

{¶ 15} In this case, West agreed to the arbitration rider as part of a loan agreement. The parties to the agreement to which West assented were "Borrower" and "Lender." Although the agreement clearly identifies West as the borrower, there are no terms in the document identifying the lender. Although there is an illegible and unidentifiable signature on the lender's signature block, Household does not even contend that the individual who signed there is its own agent or employee. Furthermore, this dispute concerns an unpaid insurance claim, not the terms or payment of a loan. Thus, even if Household could prove it was a legitimate party to the arbitration rider, the subject matter of this litigation is outside the scope of what was contemplated as being arbitrable. Therefore, this dispute fails both parts of the preliminary test of arbitrability.

{¶ 16} Appellant argues that it should be considered a party to the arbitration rider because nothing in the record excluded it from the arbitration rider; however, the burden rests upon appellant to demonstrate that it is entitled to arbitration. The purpose of contract construction is to discover and effectuate the intent of the parties. *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 247, 67 O.O.2d 321, 313 N.E.2d 374. The intent of the parties is presumed to reside in the language they chose to use in their agreement. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 132, 31 OBR 289, 509 N.E.2d 411. There is no evidence in the document that the parties intended to confer any benefit on Household as a third-party insurer. See, e.g., *AT & T Technologies*, 475 U.S. at 648, 106 S.Ct. 1415, 89 L.Ed.2d 648; *Warrior & Gulf*, 363 U.S. at 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409; *Lawyers Title* at ¶ 28; *Gerig* at ¶ 14; *Council of Smaller Ents.*, 80 Ohio St.3d at 665, 687 N.E.2d 1352; and *Peters*, 2006-Ohio-382, 2006 WL 225274 at ¶ 11. We, therefore, find that Household was not a party to the arbitration rider and affirm the trial court's order denying the motion to compel arbitration.

{¶ 17} Because we find that Household was not a party to the agreement, we hold that the arbitration rider is unenforceable as to appellant; therefore, we need not address the issue of unconscionability.

{¶ 18} Counsel for appellant also raised, in oral argument, that under R.C. 2711.03(A), the trial court was required to hold a hearing before rendering judgment on the motion. R.C. 2711.03(A) provides that the court shall "hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue," shall order the parties to submit to arbitration. The trial court "heard" motions by the parties in this case, and subsequently found that appellant was not a party to the agree-

ment to arbitrate. Having also found that appellant was not a party to the agreement to arbitrate, we hold that R.C. 2711.03(A) has no bearing on this case.

{¶ 19} Again, the trial court correctly resolved the issue of whether or not Household was entitled to an order compelling arbitration.

{¶ 20} The sole assignment of error is overruled.

{¶ 21} The order of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN and PETREE, JJ., concur.