OPINION *Page 2 
{¶ 1} Appellants Conrad and Rachel Strader appeal the November 17, 2006 Judgment Entry of the Stark County Common Pleas Court granting Appellees' Motion to Stay And Refer Claims to Arbitration. Appellees are Magic Motors of Ohio, Inc. and Forum Finance, Inc.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On June 21, 2004, appellant Conrad Strader purchased a 1994 Nissan Maxima with an extended warranty from appellees. He signed a Dispute Resolution Agreement at the time of purchase.
 {¶ 3} The following language is the pertinent portion of the agreement:
 {¶ 4} "DISPUTE RESOLUTION AGREEMENT
 {¶ 5} "In connection with the purchase and sale of the vehicle described below pursuant to a Buyer's Order and Retail Installment Contract and Security Agreement, and all other agreements entered into in connection with such purchase and sale, including any Service Agreement (referred together as the "contracts") the Dealer, Purchaser(s) and all assignees (the "Parties") agree as follows:
 {¶ 6} "With the exceptions described below, the Parties agree to submit all disputes of any kind between them that arise out of, result from, or are in any way connected with the purchase and sale or financing of the Vehicle, for resolution by binding arbitration. For example, this applies to disputes brought under state or federal consumer protection and lending laws, disputes regarding any of the contracts, and tort claims. The Better Business Bureau of Canton, Ohio, according to its rules, will conduct the arbitration. If the Better Business Bureau of Canton, Ohio, for any reason is not *Page 3 
able to conduct the arbitration, then in that event the arbitration will be conducted according [sic] American Arbitration Association rules but subject to the terms of the agreement and by an arbitrator agreed upon by the parties or otherwise appointed by a judge of the Stark County Common Pleas Court. No party will have the right to go to court or have a trail [sic] by judge or jury, or to participate as a representative or member of a class of claimants to any such dispute. Other rights that the Parties would have if they went to court also may not be available in arbitration.
 {¶ 7} "THE PARTIES AGREE THAT THE ONLY DISPUTES AND CLAIMS NOT SUBJECT TO THIS AGREEMENT ARE: 1. A CLAIM BY THE DEALER OR ASSIGNEE THAT PURCHASER(S) HAVE DEFAULTED ON AN OBLIGATION UNDER THE RETAIL INSTALLMENT CONTRACT AND 2. CLAIM IS BY DEALER OR ASSIGNEE FOR REPOSSESSION OR REPLEVIN OF THE VEHICLE.
 {¶ 8} "Each Party shall pay his, her or it's [sic] own expenses, including attorney's fees, and shall bear equally the fees and expenses of the arbitrator. No class action arbitration may be ordered under this agreement, and there shall be no joinder of parties. The arbitrator shall award all compensatory damages to which either party is entitled by law. To the extent permitted by law, the arbitrator shall have no authority to award punitive, exemplary or additional statutory damages in any dispute. Judgment upon any arbitrator's award may be entered by any court having competent jurisdiction
 {¶ 9} "The Parties agree that the Vehicle purchase involves interstate commerce and that this Dispute Resolution Agreement is governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16, as amended. *Page 4 
 {¶ 10} "If a court or agency of competent jurisdiction determines that any term or provision contained in this agreement is illegal, invalid or unenforceable, such illegality, invalidity, or unenforceability shall not effect the other terms and provisions of this agreement and the remainder of the agreement shall continue in full force and effect
 {¶ 11} "THE UNDERSIGNED HAVE AGREED TO WAIVE THE UNDERSIGNED(S) RIGHT TO A TRIAL BY JUDGE OR JURY IN ORDER TO COMPLETE THE PURCHASE OR LEASE TRANSACTION."
 {¶ 12} Shortly thereafter Conrad Strader joined the Army and was engaged in active military service. Sometime in 2005, appellees repossessed the vehicle
 {¶ 13} On June 21, 2006 appellants filed a complaint in the Canton Municipal Court alleging that appellees had violated the Consumer Sales Practices Act, the Uniform Commercial Code, the Retail Installment Sales Act, wrongfully repossessed the vehicle and that the arbitration provision was unconscionable and unenforceable. Appellants also claim the repossession of the vehicle violated the Soldier and Sailor Relief Act of 1940.
 {¶ 14} Appellees filed a Motion to Stay Proceedings and Refer to Arbitration on July 19, 2006. In support of the motion, appellees submitted the affidavit of Dean Petersen, controller for both appellees, who testified that the expense for the arbitration through the Canton BBB was $75.00 per side and no other fees are charged related to the arbitration. He also attested that the arbitration agreement at issue permitted the parties to be represented by lawyers at the arbitration and did not limit compensatory damages. *Page 5 
 {¶ 15} The case was transferred to the Stark County Common Pleas Court on July 28, 2006.
 {¶ 16} On October 23, 2006, appellants filed a Motion for Extension of Time to Respond to the Motion to Stay. Appellants requested 90 additional days to conduct discovery on the "enforceability of the arbitration clause at issue". Appellees did not oppose the motion.
 {¶ 17} On November 17, 2006, the trial court granted the Motion to Stay. The trial court reasoned that since the Dispute Resolution Agreement signed by the parties is specific as to the arbitration procedure to be followed, additional discovery was not warranted. Accordingly, the trial court found the arbitration agreement enforceable based upon the terms of the agreement.
 {¶ 18} Appellants appeal from that decision raising the following assignment of error:
 {¶ 19} "I. THE TRIAL COURT ERRED BY DENYING PLAINTIFFS' RIGHT TO CONDUCT DISCOVERY AND PRODUCE EVIDENCE ON THE ENFORCEABILITY OF THE ARBITRATION CLAUSE BEFORE STAYING PROCEEDINGS AND ORDERING THE CASE TO ARBITRATION."
 I. {¶ 20} Appellants argue in their sole assignment of error that the trial erred in granting appellees' motion to stay the proceedings pending arbitration without taking evidence relating to the enforceability of the arbitration clause. We agree.
 {¶ 21} As a preliminary matter, we note that an order which grants a stay pursuant to R.C. 2711.02 is a final appealable order. The standard of review for a *Page 6 
decision to deny a motion to stay the proceedings pending arbitration is abuse of discretion. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 701 N.E.2d 1040. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 22} However, this court has observed that the issue of whether a contract is unconscionable is a question of law that requires a factual inquiry into the particular circumstances of the transaction.Fortune v. Castle Nursing Homes, Inc. (2005) 164 Ohio App.3d 689, ¶ 7, citing Bolton v. Crockett Homes, Inc., Stark App. No. 2004CA00051, 2004-Ohio-7318. Such a determination requires a case-by-case review of the facts and circumstances surrounding the agreement.
 {¶ 23} Ohio public policy encourages arbitration as a method to settle disputes. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,590 N.E.2d 1242; Bellaire City Schools Bd. of Edn. v. Paxton (1979),59 Ohio St.2d 65, 391 N.E.2d 1021.
 {¶ 24} R.C. 2711.01(A) provides: "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract * * * shall be valid * * * except upon grounds that exist in law or in equity for the revocation of any contract."
 {¶ 25} An arbitration clause may be legally unenforceable when the clause is not applicable to the matter at hand, when the parties did not agree to the clause in question, or when the arbitration clause is found to be unconscionable. Small v. HCF of Perrysburg, Inc.,159 Ohio App.3d 66, 2004-Ohio-5757, 823 N.E.2d 19. *Page 7 
 {¶ 26} Courts addressing the issue of unconscionability have explained it consists of two separate concepts: (1) substantive unconscionability, which refers to the commercial reasonableness of the contract terms themselves, and (2) procedural unconscionability, which refers to the bargaining positions of the parties. Id.; Castle, supra; Eagle v. FredMartin Motor Company (2004) 157 Ohio App.3d 150, 809 N.E.2d 1161.
 {¶ 27} Courts examining whether a particular arbitration clause is substantively unconscionable have considered the following factors: the fairness of the terms, the charge for the services rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. Procedural unconscionability involves those factors bearing on the relative bargaining positions of the contracting parties, e.g., age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether the alterations in the printed terms were possible. Castle, supra, at 694.
 {¶ 28} A party seeking to negate an arbitration clause must establish a quantum of both substantive and procedural unconscionability.Id., at 693 (citation omitted).
 {¶ 29} In order to determine if there is a legitimate challenge to the validity of an arbitration clause, the circumstances surrounding the nature and execution of the provision must be developed and presented to the trial court, not just the terms of the agreement. Sikes v. GanleyPontiac Honda, Inc., Cuyahoga County App. No. 82889, 2004-Ohio-155,2004 WL 67224.
 {¶ 30} Ohio appellate courts have found that the trial court abuses its discretion in granting a motion to stay the proceedings pending arbitration without affording a party *Page 8 
a reasonable opportunity to discover and present evidence as to the enforceability of the arbitration clause. Hampton v. Swad, Franklin County App. No. 03AP-294, 2003-Ohio-6655, 2003 WL 22927367; Harrison v.Toyota Motor Sales, U.S.A., Inc., Summit County App. No. 20815, 2002-Ohio-1642, 2002 WL 533478; Dunn v. L.M. Building Inc., Cuyahoga App. No. 77399, 2000 WL 1594102 (trial court erred under R.C. 2711.03 in failing to hold a hearing to determine if there was a legitimate challenge to the validity of the arbitration clause; court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration * * * is not in issue, the court shall make an order directing the parties to proceed to arbitration * * *")
 {¶ 31} In this case, the trial court relied solely upon the terms of the agreement in determining the issue of unconscionability. While appellants may or may not ultimately be successful on the issue of unconscionability, the better course is to permit discovery on all the relevant factors and afford the parties the opportunity to present their finds on this issue.
 {¶ 32} Accordingly, appellants' assignment of error is sustained. *Page 9 
 {¶ 33} The decision of the Stark County Court of Common Pleas is reversed. This matter is remanded to allow discovery and for the trial court to conduct a hearing on the issue of whether or not the arbitration clause is enforceable.
Delaney, J., Gwin, P.J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to appellees. *Page 1