[Cite as *Fifth Third Bank v. Rowlette*, 2013-Ohio-5777.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fifth Third Bank et al., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 13AP-337 |
| v. | : | (C.P.C. No. 08CVH-05-007631) |
| James Rowlette et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on December 30, 2013

*Zeiger, Tigges & Little LLP, Marion H. Little, Jr.,* and *Christopher J. Hogan*, for appellees.

*J. Hollingsworth & Associates, LLC*, and *Jonathan Hollingsworth.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, James Rowlette ("Rowlette"), Rowlette Asset Management, L.L.C., and Wachovia Securities Financial Network, L.L.C. ("Wachovia Securities") (collectively "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas denying appellants' motions to dismiss or stay the action and compel arbitration on claims brought by plaintiffs-appellees, Fifth Third Bank and Fifth Third Bancorp (collectively "appellees"). Because we conclude that appellees are not required to submit their claims to arbitration, we affirm.

{¶ 2} Rowlette was an employee of Fifth Third Bank and Fifth Third Securities under a dual employment agreement, which provided that Rowlette was a registered representative for the sale of securities on behalf of Fifth Third Securities to the general public and Fifth Third Bank customers. Appellees assert that, under this arrangement,

Rowlette received customer referrals from Fifth Third Bank. During his employment, Rowlette signed two agreements with Fifth Third Bancorp, awarding him stock or stock option grants. These agreements included non-competition clauses extending one year after the termination of Rowlette's employment. In February 2008, Rowlette resigned his employment and became associated with Wachovia Securities through Rowlette Asset Management. In May 2008, appellees filed suit against appellants, asserting that Rowlette removed confidential customer information for the purpose of soliciting those customers to enter into a new business relationship with Rowlette Asset Management and Wachovia Securities. Appellees asserted claims against Rowlette for breach of contract and against all appellants for tortious interference with contract and unfair competition.

{¶ 3}  Appellants filed a motion to dismiss or, in the alternative, stay the proceedings and compel arbitration, asserting that appellees were required to arbitrate their claims under the rules of the Financial Industry Regulatory Authority ("FINRA"). The trial court denied appellants' motion, concluding that there was no arbitration agreement requiring appellees to arbitrate their claims.

{¶ 4}  Appellants appeal from the trial court's judgment, assigning a single error for this court's review:

> The Trial Court erred by ruling that Appellees can avoid mandatory arbitration before the Financial Industry Regulatory Authority ("FINRA"), a securities industry self-regulatory organization, when the dispute exclusively concerns the voluntary resignation of defendant-appellant James Rowlette (a FINRA Registered Representative) from Fifth Third Securities, Inc. (Appellees' broker-dealer arm and a FINRA Member) and his subsequent affiliation with defendant-appellant Wachovia Securities Financial Network, LLC (a FINRA Member), and by maintaining jurisdiction over an arbitrable dispute.

{¶ 5}  When an appeal of a trial court's decision on a motion to stay proceedings pending arbitration presents a question of law, we review that appeal de novo. *White v. Equity, Inc.*, 191 Ohio App.3d 141, 2010-Ohio-4743, ¶ 16 (10th Dist.); *Hudson v. John Hancock Fin. Servs.*, 10th Dist. No. 06AP-1284, 2007-Ohio-6997, ¶ 8. "The question of whether a controversy is arbitrable under a contractual arbitration agreement is a question of law for the court to determine upon an examination of the contract." *Morris v.*

*Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 38 (10th Dist.). As explained herein, this appeal turns on the question of whether appellees can be compelled to arbitrate their claims under the rules of FINRA. We conclude that this presents a question of law, and, therefore, we apply the de novo standard of review.

{¶ 6} Appellants argue that appellees are required to submit their claims to arbitration under the rules of FINRA. FINRA is a non-profit corporation that functions as a self-regulatory organization for securities firms and securities dealers. *Fiero v. Fin. Industry Regulatory Auth., Inc.*, 660 F.3d 569, 571-72 (2d Cir.2011). FINRA Rule 13200 provides that a dispute must be arbitrated under the FINRA Code of Arbitration Procedure for Industry Disputes ("FINRA Code") if the dispute arises out of the business activities of a member or an associated person and is between or among members, members and associated persons, or associated persons.[1] Under FINRA Rule 13100(o), "member" is defined as any broker or dealer admitted to membership in FINRA, and under FINRA Rule 13100(a), "associated person" is defined as a person associated with a member. Rowlette also signed a Uniform Application for Securities Industry Regulation or Transfer form ("Form U4") while employed with Fifth Third Securities, which contains a clause requiring arbitration of claims. Appellants claim that Form U4 also compels arbitration of the claims in this case.

{¶ 7} Arbitration is a favored form of dispute settlement under Ohio law and federal law.[2] *See ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500 (1998) ("Ohio and federal courts encourage arbitration to settle disputes."); *Preston v. Ferrer*, 552 U.S. 346, 353 (2008) (declaring that the national policy favoring arbitration established under Section 2 of the Federal Arbitration Act applies in both state and federal courts). Despite

---

[1] FINRA is the successor to the National Association of Securities Dealers ("NASD") and was created in July 2007 when NASD and the New York Stock Exchange consolidated their member regulation operations into one organization. *Karsner v. Lothian*, 532 RF.3d 876, 879, fn.1 (D.C. Cir.2008). At the time that appellants filed their motion to stay and compel arbitration, FINRA operated under a version of its manual that still contained references to the NASD. (*See* Exhibits to Hollingsworth Declaration in support of Wachovia Securities' Motion to Stay Action and Compel Arbitration.) We conclude that the relevant portions of the current FINRA manual are effectively the same as the provisions that were in effect in July 2008 when the motions to stay were filed. Therefore, we will cite to the current version of the FINRA manual, which is available online at http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=1 (accessed Dec. 11, 2013).

[2] Appellees assert that federal law applies in this case because the dispute relates to and involves interstate commerce. However, because the relevant general presumptions regarding arbitration under Ohio law and federal law are the same, we need not decide that issue.

this general policy favoring arbitration, however, the courts have recognized that arbitration is a matter of contract, and a party cannot be compelled to submit a dispute to arbitration unless he has agreed to do so. *Benjamin v. Pipoly*, 155 Ohio App.3d 171, 2003-Ohio-5666, ¶ 32 (10th Dist.) ("In Ohio, a party to an action generally cannot be required to arbitrate a dispute between itself and a second party unless the parties have previously agreed in writing to arbitration of those disputes."). *See also Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665 (1998); *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-49 (1986). Accordingly, "there is a counterweighing presumption *against* arbitration when a party seeks to invoke an arbitration provision against a nonsignatory." (Emphasis added.) *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, ¶ 21. "[B]efore a court can order litigants to submit to an arbitration proceeding, the court must first determine (1) whether the parties before them are the same parties named in the agreement to arbitrate and, if so, (2) whether they agreed to arbitrate the dispute in question." *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007-Ohio-845, ¶ 12 (10th Dist.).

{¶ 8} Wachovia Securities is a FINRA member and Rowlette is a FINRA registered representative. However, Fifth Third Bank and Fifth Third Bancorp are not FINRA members. Likewise, under the FINRA rules, neither Fifth Third Bank nor Fifth Third Bancorp can be considered an "associated person" because the rules limit associated persons to natural persons.[3] A "natural person" is a human being, not a corporation or other business entity. *See Black's Law Dictionary* 1257 (9th Ed.2009) (defining "person" as "[a] human being – also termed natural person"); *Semco, Inc. v. Sims Bros., Inc.*, 3d Dist. No. 9-12-62, 2013-Ohio-4109, ¶ 43 ("A business entity, such as a corporation, is not a 'natural person.' "). Neither Fifth Third Bank nor Fifth Third Bancorp is obliged to arbitrate its claims by virtue of membership in FINRA because neither entity is a FINRA member. Similarly, neither Fifth Third Bank nor Fifth Third Bancorp executed

---

[3] FINRA Rule 13100(a) defines "associated person" as a "person associated with a member, as that term is defined in paragraph (r)." FINRA Rule 13100(r) defines "person associated with a member" as (1) "a natural person who is registered or has applied for registration under the Rules of FINRA" or (2) "a sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA."

Rowlette's Form U4, and, therefore, neither entity is bound by the terms of that document. *See West* at ¶ 16-17 (holding that insurance company could not compel arbitration of claims under arbitration rider document because there was no evidence that the insurance company was a party to the document). Therefore, appellants have failed to demonstrate that appellees are party to any agreement that would require arbitration of their claims.

{¶ 9} Although appellants do not dispute that neither Fifth Third Bank nor Fifth Third Bancorp is a FINRA member or signatory of Rowlette's Form U4, they assert that appellees are required to submit to arbitration because Fifth Third Securities is a FINRA member and a signatory to Rowlette's Form U4. Appellants also claim that, if this case proceeds in the court below, Fifth Third Bank will be unable to prove any damages. They assert that Rowlette only did work involving securities for Fifth Third Securities and did not perform any banking transactions for Fifth Third Bank. Appellants argue that Fifth Third Securities is the real party in interest in this case and that any damages arising from Rowlette's change of employment would accrue to Fifth Third Securities, not Fifth Third Bank. However, Fifth Third Bank and Fifth Third Bancorp are distinct entities from Fifth Third Securities. The claims in appellees' complaint rely solely on the stock agreements Rowlette signed with Fifth Third Bank and Fifth Third Bancorp. Further, appellants concede that Rowlette was a dual employee of both Fifth Third Bank and Fifth Third Securities, although they argue that his employment with Fifth Third Bank was merely pro forma. Thus, it appears that appellees are asserting their own independent claims, not seeking to recover damages owing to Fifth Third Securities. Moreover, to the extent that appellees asserted claims seeking to recover damages owing to another entity, such claims could be addressed through a motion for summary judgment.

{¶ 10} Finally, appellants cite to a decision from the Franklin County Court of Common Pleas in a similar case, *Fifth Third Bank v. Welch*, Franklin C.P. No. 09CVH-05-7343, 2009 Ohio Misc. LEXIS 544 (June 12, 2009). We conclude, however, that the reasoning in *Welch* supports the trial court's decision in this case. *Welch* presents a very similar factual scenario to the present case. Fifth Third Bank and Fifth Third Bancorp filed suit against a former employee who, like Rowlette, worked for Fifth Third Bank and Fifth Third Securities as a dual employee. *Welch* at ¶ 1-2. In *Welch*, the defendant filed a

motion seeking to have Fifth Third Securities joined as a party under Civ.R. 19. *Id.* at ¶ 3. The trial court ordered Fifth Third Securities to join the lawsuit through an amended complaint asserting its own claims or to proceed directly to arbitration under FINRA. *Id.* By contrast, in the present case, appellants asserted in their answer the defense of failure to join indispensible parties and claimed that appellees are not the real party in interest, but they have failed to move for joinder of Fifth Third Securities or otherwise seek to have Fifth Third Securities added as a plaintiff. Moreover, the trial court in *Welch* concluded that Fifth Third Bank was asserting its own independent claims and that "[a]s a matter of state law * * * FTS [Fifth Third Securities] is sufficiently distinct from [Fifth Third] Bank that Mr. Welch cannot force the Bank to arbitrate its claims." *Id.* at ¶ 60. Similarly, in this case, we conclude that Fifth Third Bank and Fifth Third Bancorp are asserting independent claims and cannot be compelled to arbitrate those claims.

{¶ 11} Accordingly, we conclude that Fifth Third Bank and Fifth Third Bancorp are not obliged to arbitrate the claims asserted in this case under the FINRA Code or the provisions of Rowlette's Form U4. The trial court did not err by denying appellants' motion to dismiss or stay the action and compel arbitration.

{¶ 12} For the foregoing reasons, we overrule appellants' sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____