[Cite as *Graham v. J-Pay, Inc.*, 2019-Ohio-598.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| NATHAN GRAHAM #384-747 | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18CA85 |
| | : | |
| JPAY, INC. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Richland County Court
of Common Pleas, Case No. 2018-CV-
0470D


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          February 15,2019


APPEARANCES:

For Plaintiff-Appellant:                    For Defendant-Appellee:

NATHAN GRAHAM, PRO SE                        ZACHARY B. SIMONOFF
#384-747                                     124 Middle Ave. #500
P.O. Box 45699                               Elyria, OH 44035
Lucasville, OH 45699

*Delaney, J.*

{¶1}    Plaintiff-appellant Nathan Graham appeals from the August 31, 2018 decision of the Richland County Court of Common Pleas granting Defendant-appellee JPay Inc.'s motion to stay proceedings and compel arbitration.

**FACTS AND PROCEDURAL HISTORY**

{¶2}    The following facts are adduced from appellant's complaint filed July 11, 2018.

{¶3}    Appellant is incarcerated in an Ohio correctional facility.  Appellee provides electronic media access to Ohio inmates via kiosks located in the prisons.  Appellee's services include sending and receiving email; video messaging; and 30-minute "video visits" between prisoners and family members.  Inmates purchase media access from appellee by transferring funds from their commissary accounts to their J-Pay Media Accounts.

{¶4}    In addition to the kiosks, appellee also provides inmates with "individual digital devices" for electronic media such as digital music, e-books, and electronic games.  These devices are akin to iPads but with offerings limited to appellee's services.  Appellant owned one of these devices, known as a "JP 4."   The "JP 4" was upgraded to a "JP 5" in 2015.  Appellant asserts that due to prior litigation with appellee, he received a credit of $547.70 from J-Pay. Appellant eventually upgraded to a "JP 5."

{¶5}    On March 17, 2017, appellant alleges that he observed inmates clustered around a J-Pay kiosk.  Upon investigation, appellant observed the kiosk was "open and running" his personal information, including his personal emails, photos, account

statements, etc. Appellant asserts prison staff advised appellee of the alleged "hack" of appellant's account, but appellee denied any problems with the account.

{¶6} Appellant asserts that directly because of revelations of his private information, he and his family members have been harassed and threatened.

{¶7} Appellant further asserts that his "JP 5" tablet "exploded," rendering it unable to be used. Appellee allegedly refused to compensate appellant for the damage.

{¶8} Appellant bought a new "JP 5" tablet after conversation with representatives of appellee. Appellant claims appellee promised to credit his account and to let him keep the "exploded" tablet as evidence for his lawsuit, but he was required to turn in the "exploded" tablet when he bought the new one.

{¶9} Appellant further asserts that appellee tampered with emails on his tablet.

{¶10} On July 11, 2018, appellant filed a civil complaint asserting invasion of privacy, intentional infliction of emotional distress, product liability, civil theft, tampering with evidence, negligence, and breach of contract.

{¶11} On July 27, 2018, appellee filed a Motion to Stay the Proceedings and Compel Arbitration. Appellant responded with a motion in opposition on August 20, 2018.

{¶12} On August 30, 2018, the trial court issued an Order Granting [Appellee's] Motion to Stay Proceedings and Compel Arbitration.

{¶13} Appellant now appeals from the trial court's order of August 30, 2018.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT A CONTRACT EXISTED FOR ARBITRATION AND STAYED THE PROCEEDINGS."

**ANALYSIS**

{¶16} Appellant argues the trial court should not have granted the motion to stay proceedings and compel arbitration because he was not a party to a contract with appellee. We disagree.

{¶17} R.C. 2711.02(B) states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶18} A trial court's decision granting or denying a stay of proceedings pending arbitration is a final appealable order pursuant to R.C. 2711.02(C) and is subject to de novo review on appeal with respect to issues of law, which commonly will predominate because such cases generally turn on issues of contractual interpretation or statutory application. *Hudson v. Ernst & Young, L.L.P.*, 189 Ohio App.3d 60, 2010-Ohio-2731, 937

N.E.2d 585, ¶ 31 (10th Dist.), affirmed on other grounds sub nom. *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, 958 N.E.2d 1203.

{¶19} The Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration. *Hayes v. Oakridge Home,* 122 Ohio St.3d 63, 2009–Ohio–2054, 908 N.E.2d 408, ¶ 15 citing R.C. Chapter 2711 and *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 2008–Ohio–938, 884 N.E.2d 12, ¶ 27. Because of the strong presumption favoring arbitration, all doubts should be resolved in its favor. *Hayes, supra,* citing *Ignazio v. Clear Channel Broadcasting, Inc.* 113 Ohio St.3d 276, 2007–Ohio–1947, 865 N.E.2d 18, ¶ 18; *Marion v. AWHR, L.L.C.*, 5th Dist. Stark No. 2012CA00005, 2012-Ohio-2912, ¶ 13.

{¶20} There is an exception to the presumption favoring arbitrability. See, e.g., *Benjamin v. Pipoly,* 155 Ohio App.3d 171, 2003-Ohio-5666, 800 N.E.2d 50, at ¶ 33 (** Dist.). "'Arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate a dispute which he has not agreed to submit to arbitration.' " *Id.*, quoting *Teramar Corp. v. Rodier Corp.*, 40 Ohio App.3d 39, 41, 531 N.E.2d 721 (**Dist.1987). Thus, the principle favoring arbitration does not apply when there is a question as to whether the parties before the court are the same as the parties to the agreement to arbitrate. *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007-Ohio-845, 867 N.E.2d 868, ¶ 11 (10th Dist.).

{¶21} In the instant case, appellant asserts that he is not a party to the arbitration clause because he never "accepted" the contract. This claim is at odds with appellant's averments in his complaint stating he uses appellee's services via the kiosk at his institution, and that he and appellee are parties to a contract. Use of appellee's media

services requires periodic agreement to Terms of Service which include the following arbitration clause, in pertinent part:

* * * *.

8. **DISPUTE RESOLUTION**.

**THIS AGREEMENT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS**.

About Arbitration:

In the event JPay is unable to resolve a complaint you may have to your satisfaction (or if JPay has not been able to resolve a dispute it has with you after attempting to do so), we agree to resolve those disputes through binding arbitration instead of in court. Arbitration is more informal than a lawsuit in court. Arbitration uses neutral arbitrators instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Any arbitration under this Agreement will take place on an individual basis; class arbitrations and in court class actions are not permitted.

Arbitration Agreement:

a) Any dispute, claim or controversy among the parties arising out of or relating to this Agreement ("Dispute") shall be finally resolved by and through binding arbitration administered by JAMS

pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules (the "JAMS Rules"), provided that failure to adhere to any of the time limits set forth therein shall not be a basis for challenging the award. You may obtain copies of the current rules and forms and instructions for initiating arbitration by contacting JAMS in any of the following ways:

By mail:

JAMS, The Resolution Experts

600 Brickell Avenue

Suite 2600

Miami, FL 33131

Online:

Web site: www.jamsadr.com

By telephone:

1 (800) 352-5267

You agree that, by entering into this Agreement, you and JPay are each waiving the right to a trial by jury or to participate in a class action or class arbitration. Both the foregoing agreement of the parties to arbitrate any and all Disputes, and the results, determinations, findings, judgments and/or awards rendered through any such arbitration, shall be final and binding on the parties

and may be specifically enforced by legal proceedings in any court

of competent jurisdiction.

* * * *.

{¶22} We therefore do not find this to be a case in which there is a question as to whether the parties before the court are parties to the agreement to arbitrate. See, *West v. Household Life Ins. Co.*, supra, 2007-Ohio-845 at ¶ 11. Appellant wants to apply favorable portions of the contract to his dispute with appellee but wants to avoid the arbitration clause. A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms. The law does not require that each aspect of a contract be explained orally to a party prior to signing. *Moore v. Houses on the Move, Inc.*, 8th Dist. No. 89478, 177 Ohio App.3d 585, 2008-Ohio-3552, 895 N.E.2d 579, ¶ 28, citing *ABM Farms,* 81 Ohio St.3d at 503, 692 N.E.2d 574. "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." *ABM Farms,* supra, citing *Upton v. Tribilcock*, 91 U.S. 45, 50, 23 L.Ed. 203 (1875).

{¶23} Appellant further argues that if we find that he is subject to the arbitration clause, he is entitled to a hearing before the trial court in which he may "conduct discovery and challenge that the arbitration clause is unconscionable and invalid." Brief, 3. Appellant acknowledges he did not raise the issue of unconscionability before the trial court, but argues on the basis of our decision in *Strader v. Magic Motors of Ohio, Inc.*, 5th Dist. Stark No. 2006CA00376, 2007-Ohio-5358, that he is entitled to further challenge the arbitration clause in a hearing before the trial court upon remand.

{¶24} We note *Strader* was in a different procedural posture than the instant case. In *Strader,* the appellant buyers responded to a motion to stay proceedings and refer to arbitration in the trial court with a request for an additional 90 days to conduct discovery on the arbitration clause. Although the appellee seller did not object to the request for additional time, the trial court granted the motion to stay the proceedings and refer to arbitration. In our remand, we ordered the trial court to allow the parties to conduct discovery related to the arbitration clause and to conduct a hearing on the issue of whether or not the arbitration clause is enforceable. *Strader v. Magic Motors of Ohio, Inc.*, 5th Dist. Stark No. 2006CA00376, 2007-Ohio-5358, ¶ 33.

{¶25} In the instant case, appellant's sole argument before the trial court was that he was not party to a contract with appellee. He did not challenge the enforceability of the arbitration clause itself. We therefore find *Strader* distinguishable. Furthermore, our decision in *Garber v. Buckeye Chrysler-Jeep-Dodge of Shelby*, 5th Dist. Richland No. 2007-CA-0121, 2008-Ohio-3533, at ¶ 17, is applicable:

> Appellants' complaint only challenges the contract as a whole, and does not contain any separate, independent challenge to the arbitration clause. We find because appellants' complaint did not challenge the arbitration clause, appellants have waived any such challenge. Appellants' complaint submitted the matter to the trial court on the entire contract. For this reason, we find the trial court did not err in basing its decision on the pleadings and appellee's motion. Appellee's motion was made pursuant to R.C. 2711 .02, which only requires the court to be satisfied the matter is referable to arbitration.

The trial court is not required to conduct a hearing or give the appellants further opportunity to make a specific challenge to the arbitration clause.

{¶26} The trial court noted appellant stipulated that appellee's terms of service constitute a "contract," and appellant's simultaneous claims that the terms did not apply to him but appellee breached the contract was disingenuous.  Appellant did not challenge the arbitration clause itself, only its application to him.  We conclude the trial court did not err in granting appellee's motion and that the trial court is not required to conduct a hearing or grant appellant further opportunity to challenge the arbitration clause.  *Garber,* supra.

{¶27} In the instant case, the trial court did not err in granting appellee's motion to stay proceedings and compel arbitration.  Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶28} The sole assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.